[No. 13222.    Department Two. — February 1, 1890.]

LOUISE BOREHAM ET AL., APPELLANTS, v. M. BYRNE ET AL., RESPONDENTS.

83  23
149  689

HOMESTEAD — DECLARATION — RESIDENCE — ACT OF 1860 — EVIDENCE. — Both actual residence on the premises and a declaration of homestead, sufficient in form to comply with the statute, are essential to constitute a homestead, and neither is sufficient without the other. A declaration of homestead, executed in 1862, not stating the residence of the declarant and his family on the premises, is insufficient, under the act of 1860, and not admissible in evidence to prove the existence of a homestead under said act, and cannot be supplemented or made effective by proof of the fact of such residence, or of the knowledge thereof by a grantee of the husband.

HUSBAND AND WIFE — COMMUNITY PROPERTY — CONVEYANCE BY HUSBAND — FORGERY OF WIFE'S SIGNATURE — EJECTMENT — EVIDENCE. — When land has been purchased by and conveyed to the husband after marriage, if no valid homestead has been declared thereon, a conveyance by the husband will pass the title, and it is immaterial whether the signature of the wife's name attached to the conveyance was genuine or forged, and evidence to prove such forgery in an action of ejectment, involving the title derived through such conveyance, may be excluded as irrelevant.

TRIAL — ARGUMENT OF COUNSEL — READING INSTRUCTIONS TO JURY — DIS-
CRETION. — It is within the discretion of the court to permit counsel to
read to the jury and comment upon instructions which have been pre-
viously settled by the court.

ID. — SWEARING OFFICER IN CHARGE OF JURY — DISCRETION — OATH OF
OFFICER. — There is no provision in the Code of Civil Procedure requiring
the court to administer a special oath to the officer taking charge of the
jury upon its retirement for deliberation; and it is discretionary with
the court to administer a special oath, or not. The Code of Civil Pro-
cedure contemplates that the official oath of the officer is sufficient.

APPEAL from a judgment of the Superior Court of
San Bernardino County, and from an order denying a
new trial.

The instructions referred to in the opinion related to
the validity of the declaration of homestead, and the
effect of the deed described in the opinion, and involved
the same questions of law which are discussed in the
opinion relative to those instruments. The further facts
are stated in the opinion of the court.

*M. T. Moses,* and *Charles A. Sumner,* for Appellants.

*Byron Waters,* and *Elmer E. Rowell,* for Respondents.

THORNTON, J. — Ejectment; tried by a jury. Verdict
and judgment for defendants. Plaintiffs appeal from
the judgment, and order denying their motion for a new
trial.

On October 14, 1862, one Mee, who at that time held
the title to the land in suit, conveyed it to George Bore-
ham, husband of plaintiff, Louise Boreham. It was ad-
mitted that, from the day the foregoing deed bears date,
up to the time George Boreham left San Bernardino,
about July 1, 1865, he and his family resided on the land
sued for.

Defendants claim title under a deed purporting to be
executed by George Boreham and plaintiff Louise Bore-
ham, his wife, to J. H. Stewart, dated May 31, 1865.
" It was offered by defendants as the deed of George

Boreham only." Whatever title Stewart took by this deed passed to and vested in the defendants.

On the trial plaintiffs offered in evidence a certified copy of a paper executed by George Boreham on November 4, 1862, which was duly acknowledged and recorded on the day just above named. The following is a copy of it:—

"Know all men by these presents, that I, George Boreham, of the county of San Bernardino, state of California, do hereby make and declare my intention to use and claim the following described premises as a homestead, to wit [here follows a description of said property]; which said premises was conveyed to me by Sydney Mee by deed bearing date the 14th of October, A. D. 1862, together with all the appurtenances thereunto belonging; and I do further declare that I am a married man, now, and have been since the date of said deed, in possession of said premises, and that said premises are worth less than five thousand dollars. In witness whereof I have hereunto set my hand and seal this fourth day of November, A. D. 1862, at the city of San Bernardino.

[Signed]        "GEORGE BOREHAM. [Seal]

"Duly acknowledged and recorded November 4, 1862."

Defendants objected to the introduction of the foregoing paper, on the grounds that it was not a declaration of homestead; that it was immaterial, irrelevant, and incompetent; void on its face, in that it did not state that the declarant was residing on the premises at the time it purported to have been made, nor that he was residing thereon with his family, and that it does not state the cash value of the property.

The court sustained these objections, and excluded the declaration, to which plaintiffs reserved an exception. The plaintiffs again offered this paper in evidence, and offered to prove in connection with it, at the time the

same was made and recorded, the declarant was in fact residing upon the premises described therein with his family, claiming and using the same as a homestead, and that he so continued to reside there with his family up to about the first day of July, 1865, and also that the parties defendant acquired whatever right, title, or claim they had to said property under a deed from J. H. Stewart, and with knowledge of the nature and condition of said Stewart's title and equities in the premises; and also that J. H. Stewart, the party dealing with George Boreham, understood and believed at the time that it was a valid homestead, and dealt with him as if it were such, and required that in the purported deed of said land from Boreham to. Stewart, the wife of Boreham should join, and procured some one to personate her and sign her name to such deed,—all of which was excluded under the same objections.

To this ruling the plaintiffs also objected.

The paper thus excluded from evidence was offered as a declaration of homestead made by George Boreham under the act of April 28, 1860 (Stats. 1860, p. 311), as amended by the act of May 12, 1862, p. 519.

The act of 1860 was an amendment of the act of April 21, 1851, which latter was the first act passed in this state in relation to a homestead. (Stats. 1851, p. 296.) Under this act it was held that a homestead claim could not be created by the residence of the husband alone, in the absence of the wife and family. (*Gambette* v. *Brock*, 41 Cal. 83, and cases there cited.)

A material modification of this act was made by the act of 1860. (Stats. 1860, p. 311.)

This latter act authorized the creation of a homestead by either husband or wife, or other head of a family. Either could select or dedicate a homestead by a declaration in writing, executed and recorded as provided in the act. In all cases, residence on the land was requisite to consummate the claim of homestead. (*Gregg* v. *Bostwick*,

33 Cal. 220: 91 Am. Dec. 637; *Mann* v. *Rogers,* 35 Cal.
316; *Gambette* v. *Brock,* 41 Cal. 83.)

This act was an enabling act, and intended so to be.
The provisions of the act as to the declaration had to be
complied with in order to make such a selection and
dedication.   The ability to protect the property claimed
as a homestead from sale by forced or voluntary aliena-
tion did not arise, unless the declaration contained the
requisites provided for in the act of 1860.

This act (first section) provides what the declaration
shall contain.   "Said declaration," the act provides,
"shall state that they, or either of them, are married, or
if not married, that he or she is the head of a family;
that they, or either of them, as the case may be, are, at
the time of making the declaration, residing with their
family or with the person under their care and mainte-
nance on the premises, particularly describing said
premises, and that it is their intention to use and claim
the same as a homestead."

The paper offered in this case as a declaration of
homestead is made by the husband.   There is in it no
statement that either he or his wife was at the time re-
siding with their family on the premises.   The state-
ment that he was then a married man, and had been
since the 14th of October, 1862, in possession of the
premises, is not equivalent to the required statement of
residence.   The declarant might have been in possession
by his tenant, or might have been in actual possession
of the land, while his family were residing elsewhere.
The paper was manifestly insufficient as a declaration of
homestead, and the court did not err in excluding it.

Nor did it err in ruling out the other matters offered
in connection with a further offer of the so-called decla-
ration of homestead.   Nothing could make the premises
a valid protected homestead without such a declaration
as the statute required.   Actual residence on the land
would not so make it, in the absence of a sufficient decla-

ration. A declaration sufficient in form without residence, and residence without a sufficient declaration, are alike ineffectual to constitute the homestead.

The court did not err in any of the rulings above stated.

It is argued by counsel for plaintiffs that the declaration is required only to protect the land claimed as a homestead from forced sale. The act cannot be so construed; nor has it ever been so construed. It is manifest from the perusal of the act that it was to disable either spouse from making a voluntary alienation of the land, but only when a sufficient declaration was made. If there was no sufficient declaration, the power of the husband to alienate the land of his own will remained unimpaired.

The court did not err in allowing the defendants to offer the deed of George Boreham to Stewart as the deed of George alone. If it was signed by the wife of Boreham, it was not error. As we have seen, Boreham, the husband, there being no homestead, was competent to convey the land. The signature of his wife was a mere superfluity, and imported no efficacy whatever to the deed. Her signature conveyed no title.

This contention comes with a bad grace from plaintiffs, who claimed on the trial, and offered to show, that Louise Boreham's signature to the deed was a forgery.

Granted that such signature was a forgery, the deed had still the genuine signature of the husband, which was all that was required to pass the title to the land conveyed by it.

It follows from the above that the court did not err in excluding testimony to show that the signature of Louise to the deed was forged. It would have been a waste of time to listen to such testimony, which would have been entirely irrelevant to any issue in the case.

There was no error in the refusal of the court to give the instruction (No. 6) requested by plaintiffs.

Nor did the court err in giving instructions 2, 3, 4, and 5.

In the course of his argument, Byron Waters, Esq., of counsel for defendants, read to the jury and commented on the instructions previously settled by the court. To this conduct of counsel plaintiffs objected, and on its permission by the court, excepted. This course was entirely within the discretion of the court, and as there was no abuse of discretion in permitting it, this court finds no error in it.

After the charge to the jury had been given, it (the jury) was given in charge of an officer, and retired for deliberation.

It appears in the statement that this officer was not sworn, and that the plaintiffs excepted to this conduct of the court.

The officer must have taken his oath of office. To this extent he was a sworn officer and bound by his oath. The mere statement that the person who took charge of the jury was an officer implied that he had taken his oath of office, for without having taken such oath he would not have been an officer. It is consistent with what appears in the statement that the jury were put in charge of the sheriff.

Though it is usual to put the jury retiring to deliberate in charge of an officer, to whom a special oath is administered in regard to the discharge of his duties while so in charge, we know of no law, and we have been referred to none, which requires it. The Code of Civil Procedure, in the chapter in regard to the trial by jury, contains no such requirement. Its provisions seem to have been framed under the idea that the official oath was sufficient. We so regard it, leaving it to the superior courts to administer a special oath or not, as they may think proper under the circumstances.

The record is free from error.

Judgment and order affirmed.

McFARLAND, J., and SHARPSTEIN, J., concurred.