[S. F. No. 1980.   Department One. — October 28, 1901.]

ANNE M. TAPPENDORFF, Respondent, v. BARTHOL MO-
RANDA, Appellant.

EJECTMENT — PLEADING — HOMESTEAD — STATEMENT OF "COST" VALUE.
— In an action of ejectment by a wife to recover the possession of
a homestead, of which the husband had made a lease without her
signature, where the complaint set forth a copy of the declaration
of homestead, attached as an exhibit to the complaint, which pur-
ported to state the actual "cost" value of the property, instead of
its actual cash value, as required by the statute, such complaint
does not state a cause of action, and a demurrer thereto should
have been sustained.

ID. — COMPLIANCE WITH HOMESTEAD LAW ESSENTIAL. — The right to a
homestead, with the privileges and immunities incident thereto, is
of statutory creation, and exists only upon compliance with the re-
quirements of the statute.

ID. — AMENDMENT OF COMPLAINT — SERVICE — IMPROPER JUDGMENT BY
DEFAULT. — The amendment of the complaint so as to conform to
the declaration of homestead, which in fact stated the actual cash
value of the premises, was in matter of substance, and had the effect
to set aside a default of the defendant, previously entered, and no
judgment by default could be entered upon the amended complaint
without proof of service thereof upon the defendant, and a default
thereafter occurring. The court erred in rendering judgment
against the defendant without proof of such service.

ID. — AMENDMENT WRITTEN IN ORIGINAL COMPLAINT. — The writing of
an amendment in the original complaint, so as to change it in mat-
ter of substance, makes it none the less an amended complaint, a
copy of which must be served upon the defendant.

APPEAL from a judgment of the Superior Court of Hum-
boldt County.   G. W. Hunter, Judge.

The facts are stated in the opinion of the court.

Gregor & Connick, for Appellant.

S. D. O'Neal, and L. F. Puter, for Respondent.

HARRISON, J. — The plaintiff is the wife of Fredrich Tap-
pendorff, and seeks by this action to recover from the de-
fendant the possession of certain real property in the county
of Humboldt.   In her complaint, after setting forth facts under
which a homestead might be declared by her husband, she al-
leges that on the sixteenth day of May, 1878, her husband

executed and acknowledged "a valid declaration of homestead" upon said premises, and that the same was on said day recorded in the office of the county recorder. A copy of the said declaration is attached to the complaint, and by averment made a part thereof. This copy contained the statement "that the actual *cost* value of said property is three thousand dollars." The plaintiff further alleges that on October 20, 1897, her husband executed to the defendant a lease of said land for the term of five years, under which the defendant entered and took possession thereof; that she did not unite or join with her husband in the execution of the said lease; that she has demanded possession of the said premises from the defendant, and that he has refused to deliver the same, and still withholds them from her. The defendant demurred to the complaint, upon the ground that there was a defect of parties plaintiff, in that her husband should have been joined with her; that the plaintiff has not the capacity to sue, and that the complaint does not state facts sufficient to constitute a cause of action. The court overruled the demurrer, and the defendant failing to answer, his default was entered on the sixth day of April, 1899. Thereafter—April 13th—the plaintiff applied to the court for the relief demanded in her complaint, and upon producing the original declaration of homestead, as recorded in the office of the county recorder, wherein was stated the cash value of the premises, instead of the cost value thereof, the court made an order permitting her to amend her complaint by striking out, in the copy of the declaration of homestead attached thereto, the word "cost," in the paragraph above quoted, and inserting therein, in its place, the word "cash." This amendment was made without any notice to the defendant, and without his consent, and neither the said amendment, nor a copy of the complaint as amended, was served upon him. Immediately after making the amendment, the plaintiff presented to the court evidence in support of her complaint, and judgment was thereupon rendered in her favor. From this judgment the defendant has appealed, bringing the appeal here upon the judgment roll, including a bill of exceptions.

The validity of the declaration of homestead which was annexed to the original complaint is to be determined by a consideration of its terms, and not according to the opinion of the pleader. If the complaint had alleged that on May 16, 1878, the husband of the plaintiff executed and acknowledged the

following instrument (setting forth the declaration of home-
stead), and filed the same in the recorder's office, and that the
same is a "valid" declaration of homestead, such statement
would not prevail over the terms of the instrument itself.
Annexing the copy of the declaration of homestead to the com-
plaint, and making it a part thereof, had, however, the same
effect as if it had been set forth at length in the body of the
complaint. It was essential to the plaintiff's cause of action
that her complaint should show that the land sued for was
covered by a valid declaration of homestead. Otherwise she
could not sue alone, but the right of action would have been
in her husband. (Code Civ. Proc., sec. 370.)

The right to a homestead, and to enjoy the privileges and
immunities incident thereto, is purely of statutory creation,
and exists only upon a compliance with the requirements of
the statute. What the statute has specifically prescribed as
a requisite for impressing the incidents of a homestead upon a
tract of land is mandatory, and cannot be dispensed with.
(*Cunha* v. *Hughes*, 122 Cal. 111;[1] *Reid* v. *Englehart-Davidson etc.
Co.*, 126 Cal. 527.[2]) One of these requirements is, that it shall
contain an estimate of the "actual cash value" of the premises.
This requirement is not complied with by stating their "actual
*cost* value." Such a statement, aside from failing to comply
with the statute, fails to show at what period of time the cost
was incurred, or by what standard it was measured, or to give
any *data* from which its present actual value can be deter-
mined, and is in fact a failure to state its actual value.
In *Ames* v. *Eldred*, 55 Cal. 136, a declaration which stated
that "the actual cash value is five thousand dollars, *and over*,"
was held invalid.

The copy of the declaration annexed to the complaint, there-
fore, failed to show that there was a valid homestead upon the
land sued for, and the demurrer should have been sustained.
It was immaterial that the original declaration of homestead
was good, since the complaint was to be judged by itself, and
not by the facts upon which the plaintiff might seek to estab-
lish her cause of action.

The amendment of the complaint had the effect to set aside
the default of the defendant previously entered, and the com-
plaint as amended should then have been served upon him.

---

[1] 68 Am. St. Rep. 27.          [2] 77 Am. St. Rep. 206.

(*Thompson* v. *Johnson*, 60 Cal. 292; *Reinhart* v. *Lugo*, 86 Cal. 395;[1] *Witter* v. *Bachman*, 117 Cal. 318.) The amendment to the complaint was in matter of substance, and it was none the less an amended complaint, although the amendment was written into the original. The defendant was entitled to be served with either a copy of the amendment, or of the original complaint as amended, and had the right to answer or demur thereto before a default could be taken against him. It was therefore error for the court to proceed and render judgment against him in the absence of proof that such service had been made.

The judgment is reversed.

Garoutte, J., and Van Dyke, J., concurred.