[Civ. No. 3183. First Appellate District, Division One.—May 3, 1920.]

## CHARLES L. OLDS, etc., Respondent, v. ETTIE B. H. THORINGTON et al., Appellants.

[1] QUIETING TITLE — DECREE DIRECTING PAYMENT OF MORTGAGE — FINALITY OF JUDGMENT.—In an action to quiet title, a judgment decreeing that the plaintiff is the owner of the property, subject only to a mortgage lien of the defendants, and that upon the payment of such mortgage lien the plaintiff will be entitled to a decree quieting his title to the premises, is final and not interlocutory in its character.

[2] HOMESTEAD—RESIDENCE UPON PREMISES—OMISSION OF STATEMENT FROM DECLARATION.—Where a declaration of homestead does not contain a statement that the person making it is residing on the premises claimed as a homestead, the homestead is void.

[3] ID.—OMISSION FROM DECLARATION — EXTRANEOUS EVIDENCE INADMISSIBLE.—The right of a claimant to select a homestead and impress upon it an exemption from forced sale must appear upon the face of the declaration, and its omission cannot be supplied by extraneous evidence.

APPEAL from a judgment of the Superior Court of Inyo County. Wm. D. Dehy, Judge. Reversed.

The facts are stated in the opinion of the court.

W. A. Lamar and A. H. Swallow for Appellants.

L. C. Hall, S. E. Vermilyea and S. L. Carpenter for Respondent.

KNIGHT, J., *pro tem.*—The judgment in this action decreed that plaintiff's title to certain lands situate in Inyo County be quieted upon the payment by plaintiff to defendants of the amount of a mortgage previously given by plaintiff's predecessors covering the lands in question. Defendants appeal. Plaintiff, in his own right and as executor of the last will of Martha D. Olds, deceased, avers in his complaint that he is the owner and entitled to the possession of the disputed premises, and prays that his title thereto be quieted. Defendants in their answer deny the validity of

plaintiff's title, and by way of cross-complaint seek to reform a certain deed which forms a part of their chain of title by correcting the description of the property intended to be conveyed, and thereupon to quiet their title, which they aver was acquired by prescription. Defendants also plead the statute of limitations. (Sec. 318, Code Civ. Proc.)

Plaintiff is the son of David and Martha D. Olds, both of whom are now deceased. Defendants are, respectively, the widow and the children of William R. Thorington, since deceased, the latter being a son of Martha D. Olds by a former marriage. The premises in question were acquired in the year 1874 by David and Martha D. Olds subsequent to their marriage, and are conceded to be community property, upon which David Olds, on August 11, 1881, filed a homestead. On June 27, 1891, said William R. Thorington loaned David Olds and wife two thousand five hundred dollars, for which they gave him a note, secured by a mortgage purporting to cover the premises in question. For the purpose of satisfying that mortgage David Olds, on February 24, 1894, executed and delivered to Thorington a deed to said premises. Martha D. Olds did not join in that deed. The mortgage was immediately afterward satisfied of record. After said deed to Thorington had been executed and delivered Olds and his wife continued to reside upon said premises, until the death of Olds, which occurred on January 16, 1909, at which time Thorington, who had been living with his wife on what is called the "Horton" ranch, moved on to the Olds place, his wife remaining on the Horton place. Thorington then lived with his mother, Mrs. Olds, on the Olds place, keeping house for her, until January, 1910, when he moved back to the Horton ranch to reside with his wife. Thereafter Mrs. Olds resided alone upon the Olds place until the 1st of August, 1913, at which time Thorington, with his wife and family, moved on to the Olds place, and jointly occupied the dwelling thereon with Mrs. Olds. Thorington died on November 2d of the same year, after which Mrs. Olds and the Thorington family continued to occupy the Olds dwelling until the death of Mrs. Olds, which occurred January 17, 1914, and since then Thorington's widow and children have occupied said premises and dwelling.

Three main issues were presented by the pleadings, viz.:
The validity of plaintiff's title, the right of defendants to
reform the deed executed by David Olds to Thorington in
1894, and defendants' asserted title by prescription.

The foundation of plaintiff's title is the homestead de-
clared by David Olds in 1881. If, as contended by appel-
lants, the homestead is void, title to said property was
vested in Thorington by the deed executed by Olds in 1894,
for the reason that, in the absence of a valid homestead,
Olds possessed the power, under the provisions of section
172 of the Civil Code, as that section existed at the time of
this transaction, to dispose of the community property,
other than by testamentary disposition, the same as he would
if it were his separate estate. If, however, said homestead
is valid, said deed is inoperative, and the question of
whether or not plaintiff's title, acquired under said home-
stead, has been defeated by the asserted prescriptive title
of defendants, becomes necessary for determination. The
matter of the reformation of said deed becomes material ·
only in the event that defendants' title is found to depend
upon said deed.

The trial court found specifically on all of the issues of
fact presented by the pleadings, from which it evidently
concluded that said homestead was valid, and that defend-
ants' title by prescription had not been established, although
in its conclusions of law and in its judgment neither of
those matters were specifically determined. It found that
the description in the Thorington deed was intended to
cover the premises in question, but it declined to grant re-
lief toward the reformation of said deed, upon the ground
that even if reformed said deed "would still be inoperative
to pass or convey his title to the lands and premises" in
question, and as to defendants' prescriptive title it found
that the possession of said premises by Thorington was a
joint possession with that of Olds and his wife, and was
not an exclusive, hostile, and adverse one, and that the only
exclusive possession by the Thoringtons had been since the
death of Mrs. Olds, which occurred January 17, 1914. The
court's conclusions of law and its judgment were, in effect,
that by reason of said mortgage and deed Thorington and
his successors became mortgagees in possession, and that
plaintiff's title should not be quieted until said mortgage is

paid. The judgment, which follows strictly the conclusions of law, decrees that the defendants and cross-complainants are entitled to retain possession of said premises until plaintiff pays to defendants and cross-complainants the sum of $3,297.50, the amount found by the court to be due on said mortgage from Olds and his wife to Thorington, and that upon the payment of said sum said debt will have been fully paid, and plaintiff will thereafter be the owner in fee simple of said premises, subject only to the administration of the estate of Martha D. Olds, deceased, and that upon the payment of said sum plaintiff will be entitled to a decree quieting his title to said premises.

[1] Preliminary to the main questions presented by the appeal, respondent contends that the appeal should be dismissed upon the ground that said judgment is interlocutory in its character and not final. We are of the opinion that the point is not well taken. The form of judgment is one falling within the rule stated in *Zappettini* v. *Buckles,* 167 Cal. 27, [138 Pac. 696], in which it is held that if after a decree has been entered no further proceedings can come before the court, except such as are necessary to carry the decree into effect, the decree is final. Under the provisions of the judgment in this action no further judicial action on the part of the court is necessary to a final determination of the rights of the parties. The amount to be paid by plaintiff before he is entitled to relief has been definitely fixed and determined by the court, and upon said payment plaintiff *ipso facto* becomes entitled to a decree quieting his title. Nothing remains to be done by the court except to carry the decree into effect, which, as we have seen, does not render the decree interlocutory in its character. We do not consider the case of *Krotzer* v. *Clark,* 178 Cal. 736, [174 Pac. 657], relied upon by respondent, in point, for the reason that the decree in that case was apparently rendered and intended by the court as an interlocutory decree. Furthermore, the entry of the final decree in that case depended upon the tender of a deed and a certificate of title showing the names and widths of all streets and roads touching the property, which, if tendered, may have given rise to further questions for judicial determination as to the sufficiency of said deed and certificate. The other authorities cited by respondent (*Bateman* v. *Gits,* 17 N. M. 619, [133 Pac. 969];

Elliott on Appellate Procedure, sec. 83; Freeman on Judgments, 4th ed., secs. 29, 34) are not in conflict with the views expressed in *Zappettini* v. *Buckles, supra.*

[2] The first question presented on the merits of. the appeal is the one relating to the validity of the homestead. If the homestead is void plaintiff has no title upon which to base his action. Several objections are urged against its validity, the most important of which is that the declaration contains no statement that the person who makes it is residing on the premises claimed as a homestead. A copy of the declaration of homestead is as follows:

"Know all men by these presents, that I, David Olds, of Round Valley, county of Inyo, state of California, a married man and the head of a family, residing with my family on the northwest one quarter section twenty-eight, township six south, range thirty-one east, do hereby declare my intention to claim as a homestead the N. W. ¼ Sec. 28, T. 6 S., R. 31 E., less 32 feet in width off the east side of said section conveyed to William Horton and less 31 rods wide off the west side of said section conveyed to W. R. Thorington, and the actual cash value I estimate at three thousand dollars.

"In witness whereof, I have hereunto set my hand and seal this, the 10th day of August, A. D. 1881.

"DAVID OLDS.    (Seal)"

It will be observed that the declarant declares that he resides on the northwest quarter of section 28, which, according to the description immediately following in the homestead, consists of three distinct parcels of land, two of which the declarant does not own. He fails to specify, however, on which of those three parcels he was then residing. In other words, it cannot be determined from the declaration whether the declarant was then residing on the thirty-two foot strip on the east side of said quarter-section, or on the thirty-one rod strip, on the west side of said quarter section, or on the mid parcel which he afterward attempts to select as a homestead. We are of the opinion that such omission is fatal.

Section 1263 of the Civil Code, as it read at the time of the filing of this declaration, required that a declaration of homestead must contain a statement "that the person making it is residing on the premises and claims them as a

homestead.'' If the statement of residence, or any of the
other statements required to be made by said section, is
omitted the homestead is void. It was said in *Jones* v.
*Gunn,* 149 Cal. 687, [87 Pac. 577]: ''While it is true that
homestead and exemption laws are remedial and, generally,
must be liberally construed in order to effect the purposes
intended thereby, yet it is equally true that homesteads and
homestead exemptions are the creatures of statute, and that
the failure to comply with any statutory requirement essen-
tial to a valid declaration of homestead cannot be supplied
by liberal construction. Indeed, the supreme court of this
state has generally held that homestead claimants must quite
strictly comply with the statutory requirements as (for-
merly) to wife's acknowledgment (*Beck* v. *Soward,* 76 Cal.
530, [18 Pac. 650]); as to head of family (*Reed* v. *Engle-
hart-Davidson etc. Co.,* 126 Cal. 527, [77 Am. St. Rep. 206, 58
Pac. 1063])'; as to residence on·premises (*Boreham* v. *Byrne,*
83 Cal. 27, [23 Pac. 213]); as to statement of husband's
failure to make declaration (*Cunha* v. *Hughes,* 122 Cal. 113,
[68 Am. St. Rep. 27, 54 Pac. 535]); and as to estimate of
the actual cash value of the premises, etc. (*Tappendorff* v.
*Moranda,* 134 Cal. 421, [66 Pac. 491]).''

And in *Tappendorff* v. *Moranda,* 134 Cal. 419, [66 Pac.
491]: ''The right to a homestead and to enjoy the privileges
and immunities incident thereto is purely of statutory crea-
tion, and exists only upon a compliance with the require-
ments of the statute. What the statute has specifically pre-
scribed as a requisite for impressing the incidents of a
homestead upon a tract of land is mandatory and cannot be
dispensed with.''

In *Boreham* v. *Byrne,* 83 Cal. 23, [23 Pac. 212], it was held
that where the declarant stated that he was ''in possession''
of certain described premises which he claimed as a home-
stead it was not the equivalent of the required statement of
residence. It was there said: ''Nothing could make the
premises a valid protected homestead without such a decla-
ration as the statute required. Actual residence on the land
would not so make it, in the absence of a sufficient declara-
tion. A declaration sufficient in form without residence,
and residence without a sufficient declaration, are alike in-
sufficient to constitute a homestead.''

The case of *Harris* v. *Duarte,* 141 Cal. 497, [70 Pac. 298, 75 Pac. 58], was one in which it was shown that a parcel of land on which the declarant resided was not the one described in the declaration, and the court held the error to be fatal, saying: "A declaration of homestead must contain a description of the premises claimed and a statement that the person making it is residing on the premises described."

Respondent endeavors to sustain the homestead by invoking the doctrine of liberal construction, as stated in *Southwick* v. *Davis,* 78 Cal. 504, [21 Pac. 121] and in *Schuyler* v. *Broughton,* 76 Cal. 524, [18 Pac. 436]. But the facts of those cases are quite dissimilar to the facts of the case at bar. In both of those cases the question of the statement of value was involved. In the former case it was stated in the declaration that the value "does not exceed five thousand dollars," and in the latter case the statement was, "We do not place the value of said land at a sum not to exceed one thousand six hundred dollars." In both cases it was held that the words used were sufficiently definite to convey an expression of an opinion of value.

[3] Respondent further contends for the application of the rule that ambiguity or obscurity in a written instrument may be removed by extrinsic evidence, from which he argues that since the evidence shows that the dwelling was located on the mid parcel the defect in the declaration is cured. The established rule is, however, that the right of a claimant to select a homestead and impress upon it an exemption from forced sale must appear upon the face of the declaration, and its omission cannot be supplied by extraneous evidence. (*Reed* v. *Englehart-Davidson Co., supra; Boreham* v. *Byrne, supra.*)

In the light of the authorities above cited, the homestead in question must be held to be void, upon the ground that said declaration contained no statement that the declarant resided on the premises which he claimed as a homestead. That being so, the deed from David Olds to Thorington became an operative conveyance and vested title in Thorington, and the determination of the question of the defendants' prescriptive title becomes unnecessary.

Judgment reversed.

Waste, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 1, 1920.

All the Justices, except Olney, J., concurred.