[Civ. No. 9334. First Appellate District, Division Two.—February 2, 1934.]

CONSTANCE V. L. PERRY, Appellant, v. WEST COAST BOND AND MORTGAGE COMPANY (a Corporation), Respondent.

Joseph Harris Brewer for Appellant.

Hahn & Hahn and Louis R. Vincenti for Respondent.

NOURSE, P. J.—Plaintiff and her seven associates had defaulted upon their obligation to pay to the defendant a promissory note in the sum of $50,000 and the real property covered by the deed of trust as security for the note was

sold pursuant to the terms of the trust deed. Thereafter the defendant herein commenced an action against this plaintiff and her associates to recover the deficiency due after the trustee's sale. The makers of the note then commenced an action against the Mortgage Company to have an involuntary trust declared in the property because of alleged irregularities in the sale. Soon thereafter the Mortgage Company commenced an action against the makers of the note in unlawful detainer and for damages for the detention of the property. These three actions were consolidated for trial, whereupon the parties entered into a stipulation in writing agreeing that an interlocutory judgment in all three cases should be entered forthwith decreeing that (a) the Mortgage Company was the owner of all the real property involved; (b) the makers of the note were guilty of unlawful detainer of said property; by which (c) the Mortgage Company was damaged in the sum of $2,201.64; (d) the Mortgage Company have judgment against the makers of the notes for $19,080.53, the deficiency due on the promissory note, which sum was to be added to the item of damages and interest and judgment be entered for the full sum of $21,660.59; (e) the makers of the note take nothing by reason of their action; (f) a writ of restitution issue forthwith to the Mortgage Company; (g) in the event that the makers or any of them should redeem before December 15, 1931, the Mortgage Company would reconvey and file a satisfaction in full; (h) in the event of their failure to redeem before that date the Mortgage Company shall have judgment entered "adjudging that (the makers) have and each of them has failed to pay . . . and . . . has no right, title, claim or interest in or to the said real property . . . and no further right to redeem the same . . . " A judgment was duly entered in full accord with this stipulation and was styled "interlocutory judgment".

The property was not redeemed by December 15, 1931, and thereafter, on motion of the Mortgage Company, a final judgment was entered in accordance with this stipulation adjudging that the redemption price had not been paid and that the makers of the note had no further title or interest in the real property and no further right to redeem. After the entry of this second judgment the Mortgage Company caused execution to issue on the money judgment, which is

referred to as the "interlocutory judgment". The plaintiff, who was one of the makers of the note, then commenced this action to stay the execution and to have it adjudged that no money judgment existed against her because the terms of the interlocutory judgment were not incorporated in the second judgment. A demurrer to this complaint was sustained without leave to amend and the appeal presents the single issue whether the complaint states a cause of action.

"A decree may be partly final and partly interlocutory; final as to its determination of all issues of fact and law, and interlocutory as to its mode of execution." (10 R. C. L., p. 555.) ▮ Here the so-called interlocutory decree was final as to the determination of all issues of fact and law which were then in controversy. By reason of the stipulation of the parties its execution was suspended for a period of less than six months to give the parties an opportunity to redeem. But by the terms of the stipulation and the judgment the course which was to be followed either if redemption was or was not made was fully determined. There was, therefore, no issue of either law or fact left to be determined in the final judgment except the fact of either compliance or noncompliance with the terms of the first decree. This first decree was a complete and final determination of the rights of the parties and is none the less so because it reserved for future consideration some independent branch of the case. (*Zappettini* v. *Buckles,* 167 Cal. 27, 33 [138 Pac. 696] ; *Olds* v. *Thorington,* 47 Cal. App. 355, 358 [190 Pac. 496] ; *Guaranty Trust & Savings Bank* v. *Los Angeles,* 186 Cal. 110, 117 [199 Pac. 35] ; *Ochoa* v. *McCush,* 213 Cal. 426, 431 [2 Pac. (2d) 357] ; *Pista* v. *Resetar,* 205 Cal. 197, 199 [270 Pac. 453].) In view of these authorities we are forced to conclude that the two judgments are independent to the extent that the first was a final determination of the issues then presented and, as such, finally adjudged this plaintiff's liability for the deficiency and for damages for retention of the property. The execution was properly issued on that judgment.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.