[Crim. No. 5375. Second Dist., Div. One. July 26, 1955.]

THE PEOPLE, Respondent, v. LEVI DEWEY CONLEY, Appellant.

Loyal C. Pulley for Appellant.

Edmund G. Brown, Attorney General, and Marvin Gross, Deputy Attorney General, for Respondent.

DRAPEAU, J.—Defendant was convicted by a jury of grand theft. He was granted probation, with the first 52 days of it in the county jail. And he was directed to refund the money he stole from the prosecuting witness.

Defendant was given a cashier's check for $300 by a used car dealer to purchase an automobile for him. Instead of purchasing the automobile, defendant endorsed the check, got the money, and kept it. He told the dealer that he had lost the money in Las Vegas. He told a police officer who arrested him that he used the money to pay his personal bills. And on his trial he said that the dealer owed him $455; so he cashed the check and applied the proceeds to that indebtedness.

Defendant appeals from the judgment and from the denial of his motion for a new trial. ▮ He argues that there was a partnership or joint venture between him and the dealer, and that it was error to refuse to instruct the jury on that issue.

But there is nothing in the record from which an inference could be drawn that there was a partnership between the two men. Defendant purchased automobiles for the dealer on several occasions, upon the understanding that the dealer would furnish the money, defendant would sell the automobiles, and the two would share equally in the profits; or,

if the dealer desired to take over any such automobiles and put them on his used car lot he would pay defendant $25 for each of them. Therefore, the trial court was not called upon to give the proffered instruction.

 Defendant further argues that it was wrong for the prosecuting attorney in his argument to the jury to read instructions that he said he was sure would later be given by the judge.

While that practice is within the discretion of the court (*Boreham* v. *Byrne,* 83 Cal. 23 [23 P. 212]), trial judges should discourage it. It is a waste of time, and could unfairly influence jurors by putting undue emphasis upon particular questions submitted to them.

 This court has performed the duty enjoined upon it by our Constitution, and has read the record in this case. The evidence of guilt is clear and convincing, and the reading by the prosecuting officer was not such prejudicial misconduct as to require a new trial of the case.

The judgment and the order are, and each of them is, affirmed.

White, P. J., and Doran, J., concurred.