[Civ. No. 21639. Second Dist., Div. Three. Nov. 16, 1956.]

HARRY WYNN, Respondent, v. TREASURE COMPANY
(a Corporation) et al., Appellants.

John H. Rice and Nicholas & Mack for Appellants.

Leland J. Allen for Respondent.

VALLÉE, J.—Appeal by defendants Treasure Company and de Bretteville from an adverse judgment in a suit to quiet title to six 1 per cent participating oil royalty interests, for money had and received as earnings on the royalty interests, and to set aside an alleged fraudulent execution sale of two and a half 1 per cent of the royalty interests.

Treasure Company, referred to as Treasure, is a California corporation. G. de Bretteville has been its president and a director since its inception.

In 1938 Treasure was the owner of a leasehold, known as the Fletcher leasehold, on which an oil well known as Treasure

Well No. 8 was being drilled. On April 5, 1938, a contract was executed between Treasure, Walter B. Scoville, and The Adamant Company, a corporation, for the furnishing of funds to complete the drilling of Treasure Well No. 8. Under the terms of the contract, Treasure assigned to Scoville and Adamant certain participating royalty interests in the leasehold.

On April 29, 1938, Treasure, pursuant to a permit of the Commisioner of Corporations, assigned to plaintiff, in escrow, two and a half 1 per cent participating royalty interests in certain oil and gas leaseholds, including the Fletcher leasehold, in consideration of services which had been rendered and which were to be rendered. The royalty interests were issued.

On December 2, 1938, the Commissioner of Corporations authorized Treasure to assign to plaintiff an additional two and a half 1 per cent participating royalty interests in the Fletcher leasehold. The permit expired on March 1, 1939. However, no instrument of assignment of the additional royalty interests was ever executed.

On December 13, 1938, Scoville assigned to plaintiff one 1 per cent participating royalty interest in the Fletcher leasehold.

A controversy arose with respect to the contract of April 5, 1938, and on June 1, 1939, a suit was filed in the Superior Court of Los Angeles County. Plaintiff here, Walter B. Scoville, The Adamant Company, and one J. O. Seeple were parties plaintiff and Treasure and de Bretteville were parties defendant. The suit was tried before Judge Vickers who entered judgment for the defendants therein on November 27, 1940, to be referred to as the Vickers judgment. The judgment awarded costs against the plaintiffs for $454.65. On July 20, 1942, de Bretteville obtained a writ of execution on the cost judgment and the sheriff levied on the issued two and a half 1 per cent royalty interests then owned by plaintiff. On August 20, 1942, the royalty interests were sold to de Bretteville for $584.04 without notice to plaintiff. The sale was conducted by the sheriff as a sale on execution of personal property and de Bretteville was issued a "Certificate of Sale of Personal Property."

On October 26, 1942, fee simple title to the Fletcher leasehold was seized by the United States in an eminent domain proceeding in the United States District Court. Plaintiff filed an answer in the proceeding claiming damages for the

taking of his participating royalty interests. Treasure also filed an answer and claimed damages for the taking of the leasehold.

On June 25, 1943, plaintiff filed his complaint in the present action.

An evaluation trial was had in the United States District Court and on July 11, 1949, judgment was rendered that the compensation payable for the "total working interests in Treasure Company Well Treasure No. 8" was $194,500. The court retained jurisdiction for the purpose of adjudicating adverse interests in or to the award. Later a distribution trial was held by that court before Judge Westover. In the meantime Treasure had assigned all its interest in the award to Reconstruction Finance Corporation, reserving to itself the right to object to the claim of plaintiff, The Adamant Company, Scoville, and others, and to resist the same. On October 30, 1950, judgment was rendered, to be referred to as the Westover judgment, decreeing plaintiff was entitled to 6 per cent of the award less certain deductions not material here, or $11,502, and Reconstruction Finance Corporation was entitled to 51 per cent, or $97,767.

Plaintiff, the United States, the Reconstruction Finance Corporation, and various other parties appealed from the judgment distributing the award. Neither Treasure nor de Bretteville appealed. On May 23, 1952, the Circuit Court of Appeals decided the appeal. (*United States* v. *Adamant Co.*, 197 F.2d 1.)

After the decision of the Circuit Court of Appeals, trial of the present lawsuit which was instituted in 1943 took place in June 1954.

The court found: 1. Plaintiff, from December 13, 1938, up to September 28, 1942, was the owner of six 1 per cent participating royalty interests in all oil, gas, and other hydrocarbon substances produced on described property on which Treasure Well No. 8 was located. 2. Defendants have no claim, interest, or estate in them. 3. The six 1 per cent participating royalty interests are subject to their pro rata share of the operating and maintenance expenses of the well. 4. The execution sale of the issued two and a half 1 per cent royalty interests was null and void. 5. From December 15, 1938, to October 26, 1942, the gross receipts from Treasure Well No. 8 were $205,411.68. 6. There is due and owing from defendants to plaintiff $7,186.55 with interest from September 28, 1942. 7. Plaintiff is entitled to no income on

his one 1 per cent participating royalty interest from December 15, 1938, to December 31, 1939, because of his waiver in open court. 8. Because of the Westover judgment, no statute of limitations has run against any of plaintiff's causes of action. 9. In view of the decision of the United States District Court it is unnecessary to make further findings on the allegations in defendants' answer.

The judgment decrees: 1. Plaintiff was the owner in fee as against defendants and has been such owner ever since December 13, 1938, and up to September 28, 1942, of the six 1 per cent participating oil royalties. 2. The execution sale of the two and a half 1 per cent participating royalty interests was null and void. 3. Treasure is the *alter ego* of de Bretteville. 4. Plaintiff have judgment against Treasure and de Bretteville for $13,622.79. Treasure and de Bretteville appeal.

It is first contended the court erred in holding that de Bretteville is individually liable to plaintiff. It is argued that the issue of de Bretteville's alleged ownership of the Fletcher leasehold and the issue of his duty to account to plaintiff for the proceeds of Treasure Well No. 8's production as of December 31, 1939, were determined in his favor by the Vickers judgment and they are res judicata in this action. Plaintiff says the Vickers judgment did not decide the question of plaintiff's ownership of the royalty interests; that the case before Judge Vickers was on a written contract to which plaintiff was not a party.

The complaint in the suit before Judge Vickers was filed June 1, 1939. The plaintiffs were plaintiff in the present action, Walter B. Scoville, J. O. Seeple, and The Adamant Company, a corporation. The defendants were those in the present action. The cause of action was in part on a written contract and an addendum thereto between the defendants as first party, The Adamant Company as second party, and Scoville as third party. The contract had to do with financing the drilling of Treasure Well No. 8 which was then incomplete, and with alleged participating interests of The Adamant Company and Scoville therein. The complaint alleged that plaintiff in the present action was the owner of two and a half 1 per cent participating royalty interests in all oil, gas, and other hydrocarbon substances produced from the property. The defendants admitted this allegation by failure to deny it. Plaintiff was named in the contract as a member of an executive committee together with Seeple and

de Bretteville, "to have joint control and advisory powers with respect to all drilling and producing operations" under the contract. The prayer sought to have the defendants enjoined from interfering with the plaintiffs in the drilling and producing operations of the well under the contract, and to have them account for all receipts and expenditures pertaining to the well and to pay all sums due on the royalty interests, and a receiver to take charge of the well.

Judge Vickers found the allegation that plaintiff in the present action was the owner of two and a half 1 per cent participating royalty interests to be true. He also found Treasure was the owner of the Fletcher leasehold; the contract had been entered into; de Bretteville was not a party to the contract; de Bretteville managed Treasure Well No. 8 for and on behalf of Treasure; an accounting was only necessary for the period from April 5, 1938, to December 31, 1939, inclusive, which had been done; de Bretteville had no duty to account to the plaintiffs; the contract terminated not later than January 31, 1939, so far as control by the committee was concerned; The Adamant Company and Scoville retained their royalty interests in Treasure Well No. 8. Judge Vickers concluded that "as of December 31, 1939, nothing was due or owing by defendants, or either of them, upon the participating royalty interests in said well, 'Treasure No. 8,' owned by plaintiffs, or either or any of them."

The Vickers judgment followed the findings as to the termination of the contract, denied an injunction, denied the plaintiffs any money recovery; decreed that Adamant and Scoville were entitled to retain their interests in Treasure Well No. 8; adjudged "that plaintiffs are not entitled to judgment for any money whatsoever." The judgment was affirmed on appeal (*Scoville* v. *de Bretteville*, 50 Cal.App.2d 622 [123 P.2d 616]), and became final.

It is manifest, we think, that the Vickers judgment determined the issue of de Bretteville's ownership of the Fletcher leasehold; and that it determined the issue of whether he should be required to account for the proceeds of the well's production as of December 31, 1939. The finding was that Treasure was the owner of the Fletcher leasehold and that de Bretteville had no duty to account to plaintiff. These matters were directly in issue in the case and the Vickers judgment is res judicata with respect to them.

The court in the present action found that $7,186.56 is due and owing from both defendants as of September 28, 1942.

The findings do not tell in what period the $7,186.56 accrued. The complaint alleged defendants received $59,242.09 from Treasure Well No. 8 between November 27, 1938, and December 31, 1939, and $3,465.98 therefrom was due and owing to plaintiff on account of his royalty interest. We assume therefore, as the parties apparently do, that the judgment for plaintiff includes an award against de Bretteville for the period between November 27, 1938 and December 31, 1939. Since the Vickers judgment decreed plaintiff was not entitled to recover anything on his royalty interests for that period from de Bretteville, the judgment against de Bretteville for royalties accruing during that period is erroneous.

In connection with defendant's contention with respect to the personal liability of de Bretteville, there remains to consider the period from December 31, 1939, to September 28, 1942. The complaint alleged Treasure was and is the *alter ego* of de Bretteville. The answer denied the allegation and alleged that Treasure Well No. 8 was the property of Treasure. Evidence on the issue was received. The court found Treasure was and is the *alter ego* of de Bretteville, used by him for the purpose of carrying on his private transactions in connection with oil investments.

Defendants assert plaintiff is estopped from contending Treasure was the *alter ego* of de Bretteville. ■ While defendants did not plead an estoppel, evidence on which the claimed estoppel is based was admitted without objection, the issue was fully litigated, and any objection that defendants did not plead the estoppel was waived. (*Pacific Finance Corp.* v. *Foust*, 44 Cal.2d 853, 858 [285 P.2d 632].)

Treasure is a California corporation. It was incorporated in 1936. Plaintiff was employed by Treasure when it was organized. He became an officer and director. In 1937 he was elected vice-president. He assisted in the promotion of operating capital for the company; obtained leases for it on prospective drilling sites; on behalf of Treasure participated in the negotiation of a contract for funds to complete the drilling of Treasure Well No. 8. He testified he represented Treasure and on its behalf had regular conferences with its attorneys without the presence of de Bretteville. He received from Treasure cash and assignments of five 1 per cent participating royalty interests in leaseholds, including the Fletcher leasehold, for services rendered and to be rendered. The complaint in the Vickers action was verified by plaintiff. He alleged therein that Treasure was a corporation duly

organized under the laws of California with its principal office in the county of Los Angeles and that de Bretteville was its president. He did not allege Treasure was the *alter ego* of de Bretteville. These facts are not disputed.

■ It is a well-settled general rule that a person who has acted as director, officer, or agent of an association purporting to be a corporation is estopped to deny its corporate existence both as against the alleged corporation itself and its members and stockholders. (18 C.J.S. 512, § 110(4).) "It is a well-established general rule that one who deals with an apparent corporation as such and in such manner as to recognize its corporate existence de jure or de facto is thereby estopped to deny the fact thus admitted. The estoppel extends as well to the privies as to the parties to such transactions. The general rule is applied in actions brought by either of the contracting parties against the other, and in actions by the person dealing with the corporation, wherein the existence of the corporation is assailed for the purpose of establishing individual partnership liability on the part of its members." (13 Am.Jur. 207, § 63.) Fletcher says: "A person who has acted as an officer of a pretended corporation, either as director or as president, or in any other capacity, and has thus participated in holding out the corporation as having a legal existence, is estopped to deny such existence." (8 Fletcher Cyclopedia Corporations (Permanent Ed.) 280, § 3940.) "An estoppel to deny corporate existence may arise from an express or implied admission of the fact in an action or proceeding brought by or against an alleged corporation. One who sues an alleged corporation as such thereby necessarily admits that it is a corporation, and is estopped to deny its corporate existence either in that action, or in a subsequent action against the members or corporators on the same liability based upon the ground that the corporation was not legally organized." (18 C.J.S. 519, § 113.)

■ On the undisputed facts plaintiff is estopped to deny the corporate existence of Treasure. Having been an officer and director of the corporation, having acted on its behalf as a corporation, having treated it as a separate and distinct entity at all times prior to the present case, having sued it in the Vickers action, alleging its corporate existence without any claim that it was the *alter ego* of anyone, it hardly lies in the mouth of plaintiff to deny its corporate existence in the present action and contend it is the *alter ego* of de

Bretteville. The court erred in rendering judgment for money against de Bretteville.

Defendants assert the court erred in concluding that the Westover judgment is res judicata on the issue of plaintiff's ownership of the six 1 per cent royalty interests. Plaintiff and Treasure were defendants and filed answers in the eminent domain proceeding. The judgment was for the "total working interests in Treasure Company Well, Treasure No. 8." Thereafter, Treasure and de Bretteville filed an affidavit in the proceeding stating plaintiff had no interest in the fund. The court then ordered plaintiff to file his petition setting forth his claim of ownership of his six 1 per cent royalty interests. Plaintiff did so in detail. Treasure opposed the petition. The question of plaintiff's ownership of the interests was in issue in the allocation proceeding before Judge Westover. After an extended hearing Judge Westover found that plaintiff has an "estate, right, title and interest" in the award, that the assignments of the royalty interest to him are valid, and that he was the owner of six 1 per cent participating royalty interests in the Fletcher leasehold; all of Treasure's interest in the award is vested in Reconstruction Finance Corporation; recited the facts with respect to the sale on execution of plaintiff's two and a half 1 per cent royalty interests in the Vickers action; there was an action pending in the superior court of Los Angeles County between plaintiff and defendants, the present action, but that he would make no finding pertaining to that action either as to its merits or as to its being barred by the statute of limitations.

Judge Westover concluded that: the assignments to plaintiff constituted an interest in real property; the assignment of the second two and a half 1 per cent royalty interests should have been executed and delivered by Treasure, and the court would regard it as done in favor of plaintiff and against Treasure; plaintiff is the owner of six 1 per cent participating royalty interests; the sale of the two and a half 1 per cent royalty interests on execution was void; plaintiff is entitled to 6 per cent of the award less certain deductions not material here; "the designation 'total working interests' was meant to fix the value of the leasehold interest in the property on which Treasure Well No. 8 was drilled, and said award of $194,500.00 was not made for oil produced, saved and sold or to be produced, saved and sold, but was for the value of the leasehold and not the value of the well drilled on Lot 9, and that said well was only a part of the leasehold interests."

The judgment was that 6 per cent of the award after the deductions, or $11,502, be distributed to plaintiff. Reconstruction Finance Corporation, plaintiff, and various parties appealed to the Circuit Court of Appeals. Neither Treasure nor de Bretteville appealed.

The judgment of the Circuit Court of Appeals was: "The cause is, therefore, remanded to the trial court with direction to stay the execution and enforcement of the judgment as to the appellants other than Reconstruction Finance Corporation (as set forth in Paragraphs II and III of the judgment) until the actions pending in the state and federal courts are determined, or the parties settle them and agree upon a manner of division of the award. The trial court will retain power to hold such further hearings as may be called for by the determination or settlement of the pending actions. In all other respects, the judgment stands affirmed." (*United States* v. *Adamant Co.,* 197 F.2d 1, 13.)

Defendants' argument is that the Westover judgment is not a final judgment and therefore it is not res judicata as to any issue in the present case. We think the judgment is res judicata as to some issues and that it is not as to others.

The United States District Court had jurisdiction to decide the question of title between the adverse claimants, including plaintiff and defendants. In *United States* v. *Certain Parcels of Land,* 85 F.Supp. 986, 993, the court held it had "the jurisdiction in a condemnation proceeding to determine the ownership of real property as between adverse claimants thereto, regardless of diversity of citizenship." The ownership of the award, which stood in place of the realty, as between the adverse claimants was not merely incidentally involved in the proceeding before Judge Westover, as defendants argue. It was an issue directly involved and decided.

■ The doctrine of res judicata is that an existing final judgment on the merits of a cause rendered by a court of competent jurisdiction is, in all subsequent actions, conclusive of the rights of the parties thereto and of their privies on all material issues which were or might have been determined. (*French* v. *Rishell,* 40 Cal.2d 477, 479 [254 P.2d 26]; *Dillard* v. *McKnight,* 34 Cal.2d 209, 213 [209 P.2d 387, 11 A.L.R.2d 835]; *Bliss* v. *Security-First Nat. Bank,* 81 Cal. App.2d 50, 58 [183 P.2d 312].) ■ The application of the principle in a given case depends on affirmative answers to these questions: Was the issue decided in prior litigation identical with the one presented in the action in question?

Was there a final judgment on the merits? Was the party against whom the judgment is asserted a party or in privity with the party to the prior litigation? (*Bernhard* v. *Bank of America*, 19 Cal.2d 807, 813 [122 P.2d 892].) ▆ "The doctrine of res judicata applies to those parts of a judgment which have become final. (*Moore* v. *Wood*, 26 Cal.2d 621, 629 [160 P.2d 772].) ▆ ' "A decree may be partly final and partly interlocutory; final as to its determination of all issues of fact and law, and interlocutory as to its mode of execution." (10 R.C.L., p. 555.)' (*Perry* v. *West Coast Bond etc. Co.*, 136 Cal.App. 557, 559 [29 P.2d 279].)" (*Klinker* v. *Klinker*, 132 Cal.App.2d 687, 693 [283 P.2d 83].)

Defendants' argument that the Westover judgment is not final is predicated on the opinion and decision of the Circuit Court of Appeals. The opinion is lengthy and no purpose would be served in quoting from it at length. The entire opinion must be read to understand the import of the decision. (*United States* v. *Adamant Co.*, 197 F.2d 1.) We do not construe it as do defendants. The opinion called the distribution of the award a division of "the proceeds of the sale of leaseholder's interest among the lessee's participating royalty holders," and likened it to a division of such proceeds among the stockholders of a corporation prior to dissolution. It referred to the fact that the present action was pending; that rights of creditors of the claimants to the award might be involved; that this and another action might determine the amounts to which the claimants would be entitled; that they might "be entitled to more or less"; and if, "on accounting and liquidation, the claimants are entitled to more than the share of the award, the awards can be applied to the satisfaction of the claims. If they are entitled to less, the court will have to determine to whom the surplus is to go"; that "the court reached a correct determination of the proportions in which, other things being equal, the award should be distributed"; and that the court had "determined properly how the assertion of ownership shall be measured in terms of the award."

In other words, the Circuit Court of Appeals was satisfied that Judge Westover reached a correct determination of the proportionate interests of the claimants in the leasehold. The judgment of that court merely prevented plaintiff from receiving his proportion of the award until the present case was completed and it was determined whether plaintiff would recover on the accounting and be entitled to a sum in addition

to its award of the value of the total working interest in the leasehold found in the condemnation proceeding, or whether it would have to decrease his award to an amount found due for his pro rata share of charges against the leasehold. Only the "manner of division of the award" was left open. In all other respects the judgment was affirmed. Plaintiff's ownership of six 1 per cent participating royalty interests in the leasehold was affirmed. The judgment in that respect is final and res judicata as to that matter.

However, we are of the opinion that the Westover judgment is not res judicata on the issue of plaintiff's right to recover a money judgment against Treasure in the present action. The award in the eminent domain proceeding was the value of the leasehold interest in the property on which Treasure Well No. 8 was drilled, which leasehold interest was taken by the United States. Judge Westover specifically found the award "was not made for oil produced, saved and sold or to be produced, saved and sold." The Circuit Court of Appeals agreed. The present action, insofar as it is for money, is for money received by defendants from oil, gas, and gasoline "produced and sold" from Treasure Well No. 8. Plaintiff's right to recover moneys which Treasure had received from the production of the well was not an issue either directly or incidentally in the proceeding before Judge Westover. That matter was not litigated or decided and the Westover judgment is not res judicata with respect thereto.

In the present action defendants plead that the causes of action alleged in the complaint are barred by the statute of limitations. The court found that because of the decision of Judge Westover "no statute of limitation has run against any of the causes of action in plaintiff's complaint and his supplemental complaint." Referring to the present action, Judge Westover found "[t]hat this Court makes no Finding pertaining to said action neither as to its merits nor as to its being barred by the Statute of Limitations." ■■ Since Judge Westover did not determine the applicability of the statute of limitations, the court erred in not determining that issue in the present action. Further, the applicability of the statute of limitations to plaintiff's claim for money arising from production of Treasure Well No. 8 was not in issue before Judge Westover.

Finally, defendants claim the court erred in holding that the execution sale in the Vickers action covering the two and a half 1 per cent interests was null and void. That question

was in issue before Judge Westover and was decided by him adversely to defendants' claim. The Westover judgment is res judicata on the question. Further, it is obvious that the sale was null and void. ▮▮▮ The two and a half 1 per cent participating royalty interests are real property. (*La Laguna Ranch Co.* v. *Dodge*, 18 Cal.2d 132, 136-138 [114 P.2d 351, 135 A.L.R. 546].) As held by Judge Westover, they were an interest in the leasehold, not merely a right to receive a share of the net profits from the operation of a well on the leasehold. They were sold by the sheriff as personal property. The sale was void.

▮▮▮ In any event, say defendants, the sale to de Bretteville should not have been vacated without refunding to the purchaser his purchase money. The contention has merit. The sale on execution was to satisfy a judgment for costs in favor of defendants and against plaintiff and others in the Vickers action. After the sale the judgment for costs was satisfied of record as the consideration for the purchase of the royalty interests. The court erred in not ordering that the satisfaction of the judgment for costs be annulled.

We conclude: 1. The judgment insofar as it quiets title in plaintiff to six 1 per cent participating royalty interests in the property described therein is correct. 2. Plaintiff is estopped to contend Treasure is the *alter ego* of de Bretteville, and therefore plaintiff is not entitled to judgment against de Bretteville for money received by Treasure from the production of Treasure Well No. 8. 3. The Westover judgment is not res judicata as to moneys received by Treasure from the production of Treasure Well No. 8. 4. The Westover judgment is not res judicata on the issue of the statute of limitations with respect to plaintiff's claim for money. 5. The finding that the sale on execution in the Vickers action of the two and a half 1 per cent royalty interests was null and void is supported by the evidence. 6. The court erred in not ordering annulment of the satisfaction of the judgment for costs in the Vickers action.

The judgment, insofar as it quiets title in plaintiff to six 1 per cent participating royalty interests in the property described therein, and insofar as it adjudges that the sale on execution of the two and a half 1 per cent royalty interests owned by plaintiff was null and void, is affirmed; insofar as it adjudges Treasure is the *alter ego* of de Bretteville, and insofar as it adjudges that plaintiff shall recover $13,622.79

from defendants, it is reversed. The superior court is directed to order that the satisfaction of the judgment for costs in the Vickers action be annulled. The parties shall bear their own costs on appeal.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied December 13, 1956.