[No. 6,968.]

# ASHLEY v. OLMSTEAD ET AL.

APPEAL — ORDER · SUSTAINING DEMURRER — JUDGMENT.— From an order sustaining a demurrer, no appeal can be taken directly to this Court, but the only method of reviewing it is through an appeal from the judgment.

HOMESTEAD — CONSTRUCTION OF STATUTE.— The provisions of § 1263 of the Civil Code, prescribing what shall be contained in a declaration of homestead, are *mandatory*, and a compliance with them is essential to the validity of the homestead. *Held*, accordingly—in an action to foreclose a mortgage, executed by the husband on community property—that a declaration of homestead made by the wife prior to the mortgage, which failed to contain an estimate of the actual cash value of the land, was void.

APPEAL by the defendant Sarah A. Olmstead, from a judgment for the plaintiff, in the First District Court, County of Santa Barbara. FAWCETT, J.

The facts are stated in the opinion.

*Richards & Boyce*, for Appellant.

It was not essential to the validity of the homestead that the declaration should contain an estimate of the cash value of the property. A substantial compliance with the statute was sufficient. (*Goode* v. *Smith*, 13 Cal. 83.) When a statute directs certain proceedings to be done in a certain way, and the form does not appear essential to the judicial mind, the law will be regarded as directory, and the proceedings under it will be held valid, though the command of the statute as to form be not strictly complied with. (Potter's Dwarris on Statutes, 226.)

An appeal does not lie from an order sustaining a demurrer, and such order can only be reviewed on appeal from the final judgment. (Code Civ. Proc. § 939.)

*Hall & Hatch*, for Respondent.

Where an appeal is taken from a judgment, orders necessarily affecting it must also be appealed from in form. (*Fry* v. *Bennett*, 16 How. Pr. 385; *Marqueart* v. *Lafarge*, 5 Duer, 559.) The Civil Code requires that the declaration of homestead *must* contain an estimate of the actual cash value of the land. (Civ.

Code, § 1263.) The language is so clear and explicit, that no chance for construction is presented. It is not directory, but mandatory. The language is, " the declaration of homestead *must* contain," etc.

Department No. 2, MYRICK, J.:

This is an appeal from a judgment decreeing foreclosure of mortgage and sale of the premises therein described. The questions in controversy relate to a portion only of the premises, and to the proceedings regarding such portion.

November 17th, 1873, defendant Sarah A. Olmstead, wife of defendant Stephen H. Olmstead, executed and filed in the County Recorder's office of the County of Santa Barbara, a declaration of homestead upon the portion above referred to. August 1st, 1876, defendant Stephen H. Olmstead executed the mortgage in question, embracing a tract of land which includes the premises declared upon as a homestead. The declaration of homestead contained a description of the premises, and the statement of the declarant " that I am married, and that I do now reside with my family on the lot of land,   *   *   *   and that it is my intention to use and claim the said lot of land and premises, together with the dwelling-house thereon and its appurtenances, as a homestead. And I do hereby select and claim the same as a homestead." The declaration contains no statement or estimate of the value of the premises. Mrs. Olmstead was made a party to the suit for foreclosure, with the allegation in the complaint that she " has or claims to have some interest or claim upon said premises, or some part thereof, by virtue of a homestead declaration, which claim or interest is subject to the lien of the plaintiff's mortgage."

The defendants S. H. and S. A. Olmstead answered, setting up the homestead declaration and residence, and that the homestead was selected from community property ; that the premises were at the selection, and are, of no greater value than $4,800, and that neither of them have selected any other homestead. The defendant Sarah A. Olmstead filed a cross-bill, setting up the facts relating to the homestead, and the value of the same, and asked judgment that the same are not subject to the lien of the

mortgage.    The plaintiff demurred to the answer and cross-bill, and the demurrers were sustained.    Judgment of foreclosure was given, directing a sale of all the premises described in the mortgage.    Defendant Sarah A. Olmstead appealed from the judgment.

The plaintiff (respondent) makes two points in this Court, viz.:

1st.    The appeal being from the judgment alone, (no reference being made in the notice of appeal to the orders sustaining the demurrers) this Court is confined to an examination of the record relating to the judgment only, and cannot notice the action of the Court below on the demurrers.

2nd.    The declaration of homestead is insufficient to create a homestead exemption, because the declaration shows that it was made by the wife, and does not show "that her husband has not made such declaration, and that she, therefore, makes the declaration for their joint benefit," and because it does not contain a statement of the actual cash value of the premises sought to be selected.

As to the first point, reference to *Hibbard* v. *Smith,* 39 Cal. 145, will furnish a full exposition of the law upon that subject, viz.: "From an order sustaining a demurrer    *    *    *    no appeal can be taken directly to this Court; the only method of review of such proceedings here is through an appeal from the final judgment thereafter entered in the action itself, if such judgment be unfavorable."    See, also, *Agard* v. *Valencia,* 39 Cal. 292, where it was held that on appeal from the judgment an order sustaining a demurrer may be reviewed.

As to the second point, the statute in force at the time the declaration was filed, after providing that either husband or wife may make the selection, reads as follows (§ 1263 Civ. Code):

" The declaration of homestead must contain:

"1.    A statement of the facts that show the person making it to be the head of the family.

"2.    A statement that the person making it is residing on the land, and claims it as a homestead.

"3.    A description of the land.

"4.    An estimate of its actual cash value."

Subsequently an amendment was made to the first subdivision of the section, taking effect July 1st, 1874, by adding the words " or, when the declaration is made by the wife, showing that her husband has not made such declaration, and that she, therefore, makes the declaration for their joint benefit." These words do not affect the declaration in question, as they were not part of the statute when the declaration was made. The statute, however, in force November 17th, 1873, when the declaration was filed, did contain the words, "The declaration of homestead *must* contain    *    *    *    an estimate of their *actual cash value.*" The declaration is entirely silent upon the subject of value. We are asked by the appellant to hold that the provision of the statute relating to value is directory merely; that its omission does·no harm, misleads no one, and does not substantially affect the rights of any party.

The Constitution of this State (§ 15, art. 11), contained the provision that "the Legislature shall protect by law from forced sale a certain portion of the homestead and other property of all heads of families." This section, although it gave a right to have a homestead protected, required legislation to enforce it and make it available—" the Legislature shall protect by law." The Legislature, then, in pursuance of that direction, *did* provide for the protection of the homestead; and in proceeding to that end, did enact that a party wishing to be protected *should do* certain things—viz., execute, acknowledge, and have recorded an instrument, declaring that he or she was qualified to select a homestead, that the land was resided upon and claimed as a homestead, that the premises are properly described, and giving their actual cash value. The Legislature has deemed it proper to require each and every of these things to be necessary. Have we then the right to say that either is unnecessary? If yea, why one rather than another? If any one, why not all?

The appellant is not aided by § 4 of the Civil Code. "The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to this Code. The Code establishes the law of this State respecting the subjects to which it relates, and its provisions are to be liberally construed with a view to effect its objects, and to promote justice."

There is nothing in § 1263, Civil Code, as applicable to this case, requiring construction. The language is plain that the declaration *must contain* an estimate of the actual cash value of the premises.

We are asked to construe the words *must contain* so as to mean *need not contain.* We do not feel at liberty to do so. We are not here to legislate, but to declare the law as we find it; and in this instance we find it plainly written. The Constitution and laws of this State are beneficent in regard to protecting families from the misfortunes and improvidence which frequently overtake the heads of families; and clear, plain, simple, and direct means are provided for parties who wish to avail themselves of the benefits guaranteed. In this case the fault is not with the law.

We fail to see how any person, with § 1263 of the Civil Code before him, could properly omit to see what were its requisites, so plainly set down that " he who runs may read," or to insert these requisites in the declaration. We would suggest, that in preparing a paper of the importance of a declaration of homestead, a very commendable prudence would be to first look at the statutes upon the subject, and then follow them.

Judgment affirmed.

MORRISON, C. J., THORNTON, J., and SHARPSTEIN, J., concurred.