ANNIE SCHUYLER, RESPONDENT, *v.* R. J. BROUGH-
TON, APPELLANT.

HOMESTEAD — DECLARATION — STATEMENT OF VALUE. — A statement in a
declaration of homestead, as follows: "We do place the value of said
land at a sum not to exceed sixteen hundred dollars," — is sufficient as a
statement of its value to meet the requirements of section 1263 of the
Civil Code.

ID. — STATUTE TO BE LIBERALLY CONSTRUED. — The homestead statute is a
remedial measure, and should be liberally construed.

ID. — DESCRIPTION OF PROPERTY. — The description of land in a homestead
declaration need not be more particular than in a conveyance. The
description in this case held not void for uncertainty.

APPEAL from the judgment of the Superior Court of
Santa Barbara County.

The facts are stated in the opinion of the court.

*B. F. Thomas*, for Appellant.

*W. C. Stratton*, for Respondent.

SEARLS, C. J.—This action was brought by the plain-
tiff to obtain a judgment restraining the defendant
(sheriff of Santa Barbara County) from executing a deed
to the premises described in the amended complaint.
The premises were sold by the sheriff by virtue of an
execution issued on a judgment against W. H. Schuyler,
the husband of the plaintiff, who claims said premises
as a homestead, the homestead declaration having been
filed before the said judgment was rendered. The plain-
tiff recovered judgment in the superior court, from which
the defendant has appealed to this court.

It is contended by the appellant that the homestead
declaration is not sufficient: 1. Because it does not state
an estimate of the actual cash value; 2. Because the
description is not sufficient.

The clause in the declaration of homestead as to value
is as follows:—

"And we do place the value of said land at a sum not to exceed sixteen hundred dollars."

The fourth subdivision of section 1263 of the Civil Code requires the declaration of homestead to contain " an estimate of their actual cash value."

In *Ashley* v. *Olmstead,* 54 Cal. 616, this court held that a declaration of homestead which failed to contain any estimate of the value of the premises was void.

In *Ames* v. *Eldred,* 55 Cal. 136, it was held that a declaration which stated " that the actual cash value is five thousand dollars and over " did not contain an estimate of the actual cash value, and was therefore defective.

In *Read* v. *Rahm,* 65 Cal. 343, where the statement was "that the cash value of the said above-described premises is three thousand dollars," it was held sufficient.

In *Graves* v. *Baker,* 68 Cal. 134, a statement in the declaration of homestead that "the cash value of the homestead is about four thousand dollars " was held sufficient as a statement of value.

The statute in reference to homesteads is a remedial measure, and as such is to be liberally construed. We are not at liberty to disregard the statute; its provisions are binding upon us; and in the absence of a compliance with them, we can only declare the result flowing therefrom.

The concurrence of several things are necessary under our statute before exemption can be allowed. Where these several acts have been substantially performed, and where the declaration contains the essence of the statutory requirements, the construction should be so liberal as to advance the object of the constitution and statute.

By the use of the language adopted by the declarants in this case, we think it may be fairly inferred they estimated the value of the premises to be about sixteen hundred dollars.

The phrase used, "And we do place the value of said land at a sum not to exceed sixteen hundred dollars," though not precise, is such as is frequently used to convey the impression that the figures mentioned approximate the judgment of the speaker.

A homestead to the extent of five thousand dollars may be secured by the owner and occupant being the head of a family. One object of the statute requiring the declaration of the applicant to contain an estimate of the value of the premises was, no doubt, to give notice to the world whether or not the value was within the statutory limit of five thousand dollars; and if not, the excess of value above such limit. If within the five-thousand-dollar limit, that fact is all that creditors, present or future, can be interested in knowing. It is in such a case beyond their reach.

If the valuation, however, is in excess of five thousand dollars, they are interested in knowing the extent of the excess of value, and, so far as the public is concerned, we can see good reasons for holding homestead claimants to greater strictness in the one case than the other.

Not that the plain provisions of the statute can be dispensed with in either, but what is a substantial compliance with the terms of a statute is a question which is often to be determined by the nature, object, and effect of the act or acts set up as constituting compliance.

We are far from commending the statement as to value used in the case as a precedent to be followed, and wish to be distinctly understood as only holding that it is not so positively bad as to render the declaration void.

The description of the property to which objection is made is as follows:—

"The lot of land and premises situated in the Lompoc valley, county of Santa Barbara, state of California, bounded and described as follows: Being the northwest quarter of subdivision No. 11, as laid down on the official

map of Lompoc Valley Land Company's lands, and contains forty acres of land, more or less."

In *Thompson* v. *Thompson*, 52 Cal. 154, it was said the following description in a deed was not as matter of law void for uncertainty:—

"Lot No. 62, containing 50.52 acres, situate in the town and county of Santa Barbara, state of California, and numbered and marked on the official map or plan of outside lands of the town of Santa Barbara made by William H. Norway, surveyor."

A "deed" excepting therefrom all the land comprehended in the Encinal or Temescal sold on the 13th of March, 1852, to John Caperton and others, was held a sufficient description to except the land so described. (*Truett* v. *Adams*, 66 Cal. 218.)

It is not necessary that a description of land in a homestead declaration should be more particular than in a conveyance. (*Ornbaum* v. *Creditors*, 61 Cal. 455.)

The description is not void for uncertainty.

The judgment of the court below is affirmed.

PATERSON, J., McKINSTRY, J., THORNTON, J., SHARPSTEIN, J., and McFARLAND, J., concurred.