[No. 12796. In Bank. — March 26, 1889.]

## HIRAM SOUTHWICK, RESPONDENT, *v.* B. F. DAVIS ET AL., APPELLANTS.

HOMESTEAD — DECLARATION — ESTIMATE OF VALUE. — A statement in the declaration of homestead that the property "does not exceed in value the sum of five thousand dollars" is not such a failure to comply with the statute requiring an estimate of actual cash value as to make the homestead void.

ID. — RECORD OF HOMESTEAD — OMISSION BY RECORDER. — The failure of the county recorder to note the recordation of a declaration of homestead in his index of recorded instruments cannot affect the validity of the homestead.

ID. — ACKNOWLEDGMENT OF DECLARATION. — A certificate of acknowledgment of a declaration of homestead, which states that the person acknowledging it was known to the notary "to be the person who makes the foregoing declaration," is sufficient, without the use of the words "whose name is subscribed to the within instrument."

ID. — CERTIFICATE OF COUNTY CLERK TO ACKNOWLEDGMENT. — A certificate of acknowledgment signed by the county clerk as such, and with the seal of the former county court attached, is sufficiently authenticated.

ID. — CONSTRUCTION OF HOMESTEAD LAW. — Statutes for the purpose of carrying out the constitutional command as to the preservation of a homestead for the family are remedial, and should be liberally, or at least fairly and reasonably, and not strictly, construed. If the facts of an honest homestead claim be present, a substantial compliance with statutory provisions about making the claim public should be deemed sufficient.

APPEAL from a judgment of the Superior Court of El Dorado County.

The following is the certificate of acknowledgment of the declaration of homestead referred to in the opinion of the court:—

"State of California,
  County of El Dorado, } ss.

"On this thirty-first day of January, A. D. 1876, before me, W. H. Hill, county clerk in and for the county of El Dorado, state of California, personally appeared B. F. Davis, known to me to be the person who makes the foregoing declaration, and who acknowledges to me that he executed the same.

"In witness whereof I have hereunto set my hand and official seal, the day and year in this certificate last above written.

[Seal.]                              "W. H. HILL,
                          "County Clerk El Dorado County."

The further facts are stated in the opinion of the court.

*Blanchard & Swisler*, for Appellants.

An approximate estimate of value of the homestead is sufficient. (*Graves* v. *Baker*, 68 Cal. 133; *Schuyler* v. *Broughton*, 76 Cal. 524.) The estimate of value refers to declarant's opinion of value. (*Ham* v. *Santa Rosa Bank*, 62 Cal. 125; 45 Am. Rep. 654.) The certificate by the county clerk is sufficient. The seal showed the capacity in which he was acting,—as clerk of a court of record. (Civ. Code, sec. 1181.) The premises became a homestead from and after the filing of the declaration. (Civ. Code, sec. 1265.) Indexing is not part of recording. (*Mutual Life-Ins. Co.* v. *Dake*, 87 N. Y. 257.)

*Irwin & Irwin*, for Respondent.

A declaration of homestead must be executed and acknowledged as a grant of real property. (Civ. Code, sec. 1262.) The person making the acknowledgment must be known to the officer to be the same person "whose name is subscribed to the within instrument." (Civ.

Code, sec. 1189.) Both a grant and a homestead declaration must be subscribed by the party. (Civ. Code, secs. 1091, 1262.) The authentication by the county clerk is insufficient. (Pol. Code, sec. 1031.) The declaration should have been indexed to impart notice to the plaintiff, as a subsequent mortgagee. (Pol. Code, sec. 4246.)

McFARLAND, J.—This is an action to foreclose a mortgage on certain premises executed to the plaintiff by the defendant B. F. Davis, on October 11, 1884. The defendant Mary S. Davis, wife of said B. F. Davis, answered, setting up that at and before the date of said mortgage the said premises were the homestead of her husband and herself. Defendant Jenks set up the same defense, alleging that after the execution of the mortgage said husband and wife conveyed the premises to him. The court below rendered judgment for plaintiff, and the said defendants who answered appeal from the judgment.

The findings of the court show that on January 31, 1876, the said B. F. Davis and his said wife, Mary S. Davis, with several minor children, were residing on the premises, and that on said day the said B. F. Davis executed and filed for record with the county recorder a declaration of homestead upon said premises, and that the execution and recording of said declaration were perfectly valid, except in the particulars hereinafter mentioned.

1. It is found by the court and argued by respondent that the homestead was invalid, because the statement in the declaration of the value of the property is, that it "does not exceed in value the sum of five thousand dollars," the position being that the estimate of value should have been more specific, and that the consequence of this alleged defect is, that the declaration is utterly void, and the whole structure of the homestead destroyed. We do not think that this position is tenable.

The preservation of a homestead for the family is a

marked feature of our law. It is enjoined by the state constitution itself. Of course, it was necessary for the legislature to provide some manner by which one desiring to claim a homestead should make a public declaration of the fact, and designate the particular premises intended to be so claimed. But surely statutory provisions to that end should not be subjected to the rule of strict construction. Statutes for the purpose of carrying out the constitutional command are remedial, and should be liberally, or at least fairly and reasonably, construed. The homestead right is not one to be industriously pinched, and circumscribed, and circumvented, and beaten back. If the *facts* of an honest homestead claim be present, a substantial compliance with statutory provisions about making the claim public should be deemed sufficient.

The code provides, among other things, that the declaration must contain a description of the premises claimed, and "an estimate of their actual cash value." It is difficult to imagine the precise purpose of this provision. It is admitted on all hands that the correctness or incorrectness of the estimate has no effect whatever upon the validity of the claim. If the estimate were ten times more than the actual value, or only one tenth as much, the claim would not be bad on that account.

There is, however, a difference in some respects between a homestead on land worth more than five thousand dollars, and one on land not worth more than that amount; and it may be that the legislature merely intended to have an estimate with respect to that particular value. If so, then of course the estimate in the case at bar was sufficient. At all events, the provision is a very loose one,—too loose to have applied to it the rule of strict construction, even if that rule were not inapplicable for other reasons. In ordinary affairs out of court, if a man were asked his estimate of the value of a certain

piece of property, and he should answer, "not exceeding five thousand dollars," the common inference would be, that he thought it worth in the neighborhood of, but not more than, five thousand dollars. Could it be fairly said that he had made no "estimate" at all? And so, in the case at bar, considering all the circumstances above alluded to, we do not think, to say the very least, that the language used in the declaration was such a total failure to comply with the statute as made the homestead void.

The authorities cited by respondent do not establish the law against the views above stated; while the very latest decision of this court upon the point seems to be exactly in accordance with those views. In *Schuyler* v. *Broughton,* 76 Cal. 524, where the opinion written by Searls, C. J., was concurred in by all the justices (except one who was absent), the language of the declaration of homestead was this: "And we do place the value of said land at a sum *not to exceed sixteen hundred dollars.*" That language, for the purpose of the point at issue, cannot be distinguished from the language used in the case at bar. And yet in that case the language was held to be a sufficient compliance with the code. The court, among other things, say: "The statute in reference to homesteads is a remedial measure, and, as such, is to be liberally construed. . . . . When these several acts have been substantially performed, and when the declaration contains the essence of the statutory requirements, the construction should be so liberal as to *advance* the object of the constitution and the statute. By the use of the language adopted by the declarants in this case, we think it may be fairly inferred they estimated the value of the premises to be about sixteen hundred dollars. And the phrase used [repeating it], though not precise, is such as is frequently used to convey the impression that the figures mentioned approximate the judgment of the speaker."

2. The court below held the homestead to be invalid solely upon the ground above stated. We shall not, therefore, discuss at length the other points made by respondent in support of the judgment. The failure of the county recorder to note the recordation of the declaration in his index of recorded instruments could not affect the validity of the homestead. We think that the form of the certificate of acknowledgment of the declaration was sufficient, and that the official character of the officer taking the acknowledgment sufficiently appears.

Judgment reversed, with directions to the court below to enter judgment for the defendants who answered.

PATERSON, J., BEATTY, C. J., and SHARPSTEIN, J., concurred.

Rehearing denied.