## KNOCK v. BUNNELL.

### No. 12,469; July 1, 1889.

#### 21 Pac. 961.

**Homestead Declaration — Estimate of Value.**—Where a homestead declaration contains no estimate of the cash value of the property, as required by Civil Code of California, section 1263, it is void.[1]

APPEAL from Superior Court, Lassen County; M. Marsteller, Judge.

Spencer & Raker for appellant; Goodwin & Dodge for respondent.

HAYNE, C.—The transcript in this case is improperly entitled: Simpson v. Applegate, 75 Cal. 345, 17 Pac. 237. The action was brought to foreclose a mortgage executed by one H. C. Stockton, since deceased. No claim was presented to the administrator, the plaintiff having waived in his complaint all recourse against any property of the estate other than the mortgaged property. Judgment passed for the plaintiff, and the defendant appeals. The main ground relied upon for the reversal is that a homestead existed upon the property, and that, therefore, a claim should have been presented under the rule of Camp v. Grider, 62 Cal. 20. It is sufficient answer to this contention to say that no homestead existed upon the property. The homestead declaration set out in the answer and introduced in evidence contains no estimate of the cash value of the property, as required by section 1263 of the Civil Code. It was therefore void: Ashley v. Olmstead, 54 Cal. 616; Ames v. Eldred, 55 Cal. 136. In this view the evidence introduced for the purpose of showing that the homestead had ceased to exist was irrelevant and immaterial, and, if it be assumed that there was error in its admission, such error was without injury. The other matters do not require special

[1] Cited in Bunnel v. Stockton, 83 Cal. 320, 23 Pac. 302, as having been heard in the first instance under a misapprehension of the statutory requirement prevailing at the time the homestead was declared, the same in fact, not requiring a statement of value.

notice. We therefore advise that the judgment and order denying a new trial be affirmed.

We concur: Gibson, C.; Foote, C.

PER CURIAM.—For the reason given in the foregoing. opinion the judgment and order denying a new trial are affirmed.