**In the Matter of Dominic Michael
DELUCCHI, Bankrupt.
No. 54311.**

United States District Court
N. D. California, S. D.
March 2, 1960.

Cyril R. Ash, Jr., San Jose, Cal., for bankrupt.

Shapro, Anixter & Aronson, Daniel Aronson, Jr., Burlingame, Cal., for trustee.

GOODMAN, Chief Judge.

The bankrupt seeks review of the Referee's Order of October 14, 1959 adjudging void a declaration of homestead filed by the bankrupt and his wife on their residence prior to bankruptcy. The sole basis for the Referee's Order is his conclusion that the requirement of California Civil Code, § 1263, subd. 4, that a declaration of homestead must contain an estimate of the "actual cash value" of the homesteaded premises was not satisfied by the statement by the bankrupt and his wife in their declaration that "we estimate the actual cash value of *our interest* in said land and premises to be the sum of Five Thousand Dollars ($5,000.00)". The Referee indicated in his Order that he considered that the decision of the Court of Appeals for this circuit in Lynch v. Stotler, 1954, 215 F. 2d 776, compelled the conclusion that the estimate made by the bankrupt and his wife of the value of their equity in the premises would not suffice as the estimate of the value of the premises required by the statute.

In Lynch, the Court of Appeals held that the failure to insert *any* amount in a blank left in a printed form of declaration for the insertion of the amount of the estimated value of the homesteaded premises could not be taken to mean that the declarant estimated that the premises had no value or no value above encumbrances, and that consequently there was a total failure to comply with the statutory requirement that the declaration contain an estimate of the "actual cash value" of the premises. Clearly, that ruling does not answer the present inquiry as to whether the estimate made by the bankrupt and his wife of the value of their equity in the premises constitutes a sufficient compliance with the statute to sustain their declaration.

The last opinion of the California Supreme Court discussing the statutory requirement that a homestead declaration contain an estimate of the "actual cash value" of the premises, Southwick v. Davis, 1889, 78 Cal. 504, 21 P. 121, 122, makes it very clear that a liberal approach should be taken in determining whether such requirement has been met. The Court pointed out that the preservation of a homestead for the family is commanded by the California Constitution, and that consequently a statute enacted to implement the constitutional provision should be fairly and reasonably construed to effectuate the constitu-

tional purpose. The Court noted that the statutory requirement that the declaration of homestead contain an estimate of the "actual cash value" of the premises did not make the validity of the declaration dependent upon the accuracy of the estimate. It characterized the requirement as "a very loose one" whose purpose is "difficult to imagine". The Court concluded that a substantial compliance with the statutory requirement will suffice and held valid a declaration in which it was stated that the property claimed as a homestead "does not exceed in value the sum of $5,000".

There is no judicial opinion affording any real aid in determining whether the estimate by the bankrupt and his wife of their equity in the premises constitutes a substantial compliance with the statutory requirement of an estimate of the "actual cash value" of the premises. But, the Homestead Statute, itself, is persuasive that such an estimate should be accepted as a substantial compliance.

The California Homestead Statute comprises Sections 1237–1269 of the California Civil Code. The value of property which may be claimed as a homestead is specified in Section 1260 of the Code. As originally enacted, Section 1260 authorized the claiming of a homestead not exceeding a specified dollar amount "in value". In 1945, Section 1260 was amended to provide for the claiming of a homestead not exceeding a specified dollar amount "in actual cash value, over and above all liens and encumbrances on the property at the time of any levy of execution thereon", Stats.1945, c. 789, p. 1477, § 9.

Section 1263, which, as has been noted, prescribes the content of the homestead declaration, was not amended to specifically provide that the required estimate of the "actual cash value" of the premises should be an estimate of the actual cash value over and above all encumbrances. But, Section 1263 must properly be interpreted in the light of the entire Homestead Statute, including the amended Section 1260. Certainly anyone reading Section 1263 in conjunction with Section 1260, as amended, could reasonably conclude that the estimate of the "actual cash value" desired in the declaration is the estimate of that value over and above all encumbrances. At the very least, in view of the injunction of the California Supreme Court in Southwick that the Homestead Statute should be fairly and reasonably construed to preserve the homestead right, it seems apparent that an estimate of the actual cash value over and above all encumbrances should be accepted as substantial compliance with the requirements of Section 1263.

The order of the Referee adjudging void the declaration of homestead filed by the bankrupt and his wife is therefore vacated.