Tom SAMUELS, Trustee of the Estate
of Dominic Michael Delucchi, Bank-
rupt, Appellant,

v.

Dominic Michael DELUCCHI, Appellee.

No. 16824.

United States Court of Appeals
Ninth Circuit.

Jan. 13, 1961.

Shapro, Anixter & Aronson, Daniel
Aronson, Jr., Burlingame, Cal., for ap-
pellant.

Cyril R. Ash, Jr., San Jose, Cal., Paul
N. McCloskey, Jr., Palo Alto, Cal., for ap-
pellee.

Before CHAMBERS, ORR and
KOELSCH, Circuit Judges.

ORR, Circuit Judge.

On September 12, 1958, appellee and
his wife, citizens of California, filed a
declaration of homestead in that state.
Said declaration contained, among other
things, a statement "that we estimate the
actual cash value of our interest in said
land and premises to be the sum of Five
Thousand Dollars ($5000.00)." Subse-
quently, appellee filed a Petition in Bank-
ruptcy in the District Court for the
Northern District of California. On June
18, 1959, appellant, the Trustee in Bank-
ruptcy, filed his report of Exempt Prop-
erty, which omitted the homestead. Ap-
pellee filed an objection to this omission
and a hearing thereon was held on July 7,
1959. On October 14, 1959, the Referee in
Bankruptcy entered an order overruling
appellee's objection on the ground that
the declaration of homestead did not
comply with the requirements of Califor-
nia law. Section 1263, subd. 4, of the
Civil Code of the State of California re-
quires that a declaration of homestead
contain, as to the premises, "an estimate
of their actual cash value". The Referee
held that this requirement was not met
by appellee's statement in the declaration
that "the actual cash value *of our inter-
est* in said land and premises" is $5000.-
00. (Emphasis added). The Referee was
persuaded that the case of Lynch v. Stot-
ler, 9 Cir., 1954, 215 F.2d 776, and cases
cited therein require a strict construc-

tion of the statute and do not permit the substitution of an estimate of the value of an *equity* in the premises for an estimate of the value of the premises.

On appeal the District Court vacated the Order. Its appraisal of Lynch v. Stotler, supra, was to the effect that it involved a complete failure to estimate value of premises and hence was not controlling in the instant case; it further found that the latest relevant California decisions declare that a liberal approach should be taken in determining whether § 1263, subd. 4, has been complied with, and that substantial compliance is sufficient. The court held that appellee's declaration substantially complies with § 1263, subd. 4, especially in view of certain amendments to § 1260 of the Civil Code which indicate that the "actual cash value" required in § 1263, subd. 4, is the value over and above all encumbrances.[1]

We are satisfied that the trend of recent decisions of the California courts are to the effect that substantial compliance is all that § 1263, subd. 4, of the Civil Code of the State of California requires, and that the application of such a rule brings the homestead declaration under consideration here within the intent of the statute.

Section 1263 of the Civil Code of the State of California declares as necessary to the filing of a valid declaration five statements.[2] From a cursory examination it would appear that two conflicting lines of California cases regarding how this section is to be applied have emerged. One group of cases has apparently applied the rule of strict construction.[3] However, close examination reveals that most of these cases have involved complete omission of one of the required statements and hence have raised no issue of substantial compliance. On the other hand there is a second group of cases directly involving the question of substantial compliance. These cases hold that while each of the requirements of § 1263 must be complied with, the section should be liberally construed in order to promote the underlying purposes of the Homestead Act.[4]

---

1. Section 1260 of the Code establishes the amount of the Homestead exemption. As originally enacted in 1872 it read as follows:

    "Homesteads may be selected and claimed:

    "1. Of not exceeding five thousand dollars in value by any head of a family;

    "2. Of not exceeding one thousand dollars in value by any other person."

    In 1945 the section was rewritten to read:

    "Homesteads may be selected and claimed:

    "1. By any head of a family, of not exceeding six thousand dollars ($6000) in actual cash value, over and above all liens and encumbrances on the property at the time of any levy of execution thereon.

    "2. By any other person, of not exceeding two thousand dollars ($2000) in actual cash value, over and above all liens and encumbrances."

2. Section 1263 of the California Civil Code provides:

    "The declaration of homestead must contain:

    "1. A statement showing that the person making it is the head of a family, and if the claimant is married, the name of the spouse; or, when the declaration is made by the wife, showing that her husband has not made such declaration and that she therefore makes the declaration for their joint benefit:

    "2. A statement that the person making it is residing on the premises, and claims them as a homestead;

    "3. A description of the premises;

    "4. An estimate of their actual cash value;

    "5. Such declaration of homestead may further contain a statement of the character of the property sought to be homestead * * *."

3. Jones v. Gunn, 1906, 149 Cal. 687, 87 P. 577; Tappendorff v. Moranda, 1901, 134 Cal. 419, 66 P. 491; Reid v. Englehart-Davidson Mercantile Co., 1899, 126 Cal. 527, 58 P. 1063; Cunha v. Hughes, 1898, 122 Cal. 111, 54 P. 535; Ames v. Eldred, 1880, 55 Cal. 136; Ashley v. Olmstead, 1880, 54 Cal. 616; Knock v. Bunnell, 1889, 3 Cal.Unrep. 105, 21 P. 961.

4. Southwick v. Davis, 1889, 78 Cal. 504, 21 P. 121; Schuyler v. Broughton, 1888,

Particularly important is Southwick v. Davis, since it is the most recent California case based directly upon § 1263, subd. 4. In that case the California Supreme Court upheld a homestead delaration which said the value of the property "does not exceed * * * $5000". The court said [78 Cal. 504, 21 P. 122]:

"The preservation of a homestead for the family is a marked feature of our law. It is enjoined by the state constitution itself. Of course it was necessary for the legislature to provide some manner by which one desiring to claim a homestead should make a public declaration of the fact, and designate the particular premises intended to be so claimed. But surely statutory provisions to that end should not be subjected to the rule of strict construction. Statutes for the purpose of carrying out the constitutional command are remedial, and should be liberally, or at least fairly and reasonably, construed. The homestead right is not one to be industrially pinched, and circumvented, and beaten back. If the facts of an honest homestead claim be present, a substantial compliance with statutory provisions about making the claim public should be deemed sufficient." 78 Cal. at pages 506–507, 21 P. at page 122.

Whatever may be said of the earlier holdings of the California courts, we think the later decisions have established the following rule: Since the homestead right is a purely statutory right, the conditions established by the statute in § 1263 must all be met, but in keeping with the underlying purpose of the statute a liberal rule of substantial compliance is to be applied.[5] Our holding in Lynch v. Stotler, 9 Cir., 1954, 215 F.2d 776, relied on by the Referee in Bankruptcy, is entirely consistent with this rule. In that case the declarant left blank the space in a printed homestead form for the entry of the amount of the estimate of value. This court found such omission was a total failure to make an estimate of value, and therefore there was not even a substantial compliance with § 1263, subd. 4. This court in the Lynch case also discussed the tendency toward liberal construction of the statute, and said, "Although homestead exemptions are a creature of statute and not of common law, we are bound to and we do accept the idea that the statute should not be too strictly construed." 215 F.2d at page 778.

■ Having determined that substantial compliance with § 1263 is sufficient, we turn to a determination of what constitutes substantial compliance with § 1263, subd. 4. This determination requires ascertaining the purpose of § 1263, subd. 4. It would seem that the purpose of § 1263 is to make all homestead claims public and available as a source of information to the public. In line with this, the probable purpose of § 1263, subd. 4, is to give actual and prospective creditors of the homesteader some rough estimate of the value of the homesteader's interest in the premises, so that they can determine whether there is any excess value over and above the amount of the homestead exemption allowed, which excess the creditors could proceed against. The California Supreme Court has indicated that this is the purpose of § 1263, subd. 4. In Schuyler v. Broughton, 1888, 76 Cal. 524, 18 P. 436, where the declaration said the value "does not exceed $1600", the court said:

"One object of the statute, requiring the declaration of the applicant to contain an estimate of the value of the premises, was no doubt to give notice to the world whether or not the value was within the statu-

76 Cal. 524, 18 P. 436; Johnson v. Brauner, 2nd Dist.1955, 131 Cal.App.2d 713, 281 P.2d 50.

5. In Johnson v. Brauner, 131 Cal.App.2d 713, 716–722, 281 P.2d 50, 52–56, the Second District Court of Appeals does an excellent job of analyzing and reconciling most of the cases involved in this issue.

tory limit of $5000;[6] and, if not, the excess of value above such limit. If within the $5000 limit, that fact is all that creditors, present or future, can be interested in knowing. It is in such a case beyond their reach. If the valuation, however, is in excess of $5000, they are interested in knowing the extent of the excess of value, and, so far as the public is concerned, we can see good reason for holding homestead claimants to greater strictness in the one case than the other. Not that the plain provisions of the statute can be dispensed with in either, but what is a substantial compliance with the terms of a statute is a question which is often to be determined by the nature, object and effect of the act or acts set up as constituting compliances. We are far from commending the statement as to value, used in the case, as a precedent to be followed, and wish to be distinctly understood as only holding that it is not so positively bad as to render the declaration void." 76 Cal. at page 526, 18 P. at pages 437–438.

Again in Southwick v. Davis, supra, the court said:

"There is, however, a difference in some respects between a homestead on land worth more than $5000, and one on land not worth more than that amount, and it may be, that the legislature merely intended to have an estimate with respect to that particular value." 78 Cal. at page 507, 21 P. at page 122.[7]

This being the purpose of § 1263, subd. 4, the district court was correct in concluding that it is more important to state the value of the homesteader's in-

terest in the premises than to state the value of the premises themselves if the two figures should be different, for it is only the homesteader's interest that his creditors can normally proceed against. It follows that appellee's statement substantially complies with the requirements of § 1263, subd. 4.

Affirmed.

---

6. At that time the homestead limit was $5000. It has since been increased to $7,500.

7. Appellant in its brief seems to concede this to be the purpose of § 1263, subd. 4. In discussing these two cases appellant's brief states:

"In these cases anyone noting the words 'does not exceed in value the sum of $5000.00' would know at least that the top valuation is $5000.00 and could determine whether or not there was anything of value upon which an execution could be based. * * * They would not have to go beyond the face of the document to determine whether or not there was an equity upon which an execution could be based."