Myron W. CURZON, Trustee, Appellant,

v.

Andrew DULGARIAN, Appellee.

No. 16972.

United States Court of Appeals
Ninth Circuit.

Jan. 18, 1961.

Benjamin Chapman, Los Angeles, Cal., for appellant.

William J. Tiernan, Los Angeles, Cal., for appellee.

Before JERTBERG and KOELSCH, Circuit Judges, and KILKENNY, District Judge.

PER CURIAM.

Appellee filed a voluntary petition in bankruptcy and was adjudicated a bankrupt. Although a declaration of homestead had been made and recorded, which, ordinarily, makes the property described in such declaration exempt under California Civil Code, § 1237 et seq., the trustee refused to consider and treat as exempt the residential real property of the appellee described in the declaration.

The appellee objected to the trustee's report, but the objections were overruled by the referee in bankruptcy. On petition for review of such order, the district court reversed the order of the referee and ordered that the homestead be set aside as exempt property.

On this appeal from such order, the main point urged is that the district court erred in holding that the declaration of homestead filed by the appellee complied with the California Civil Code so as to create a valid homestead.

Section 1263 of the California Civil Code treats of the required contents of a declaration of homestead, and subsection 4 thereof requires "An estimate of their actual cash value." (*I.e.* of the premises.) The appellee herein used a standard form upon which, after the printed line "That the actual cash value of said property I estimate to be $——", he wrote "3000 Equity". The appellant takes the position that "$3000 Equity" is not the actual cash value, since it is designative only of the value estimated in excess of encumbrances upon the property; that therefore the declarant had not complied with the requirements of a valid declaration of homestead; that these requirements must be literally fulfilled as conditions precedent to a homestead exemption, and that therefore the property is not exempt.

The precise question presented by this appeal was recently decided by this court adversely to the contention of the appellant in Samuels v. Delucchi, 286 F.2d 504. In our view that case was correctly decided and is dispositive of this case.

The order appealed from must be, and is, affirmed.