In the Matter of John Robert EADE, Bankrupt.

No. 161,017.

United States District Court
S. D. California,
Central Division.

April 1, 1964.

4. Appeal in this case to the United States Court of Appeals for the Second Circuit was withdrawn February 4, 1965.

C. A. Falconer, Los Angeles, Cal., for petitioner on review.

George Gardner, Los Angeles, Cal., respondent on review.

ALBERT LEE STEPHENS, Jr., District Judge.

This is a Petition for Review of a determination made by the Referee in Bankruptcy to disallow a homestead exemption claimed by the bankrupt because of failure to comply with Section 1263 of the California Civil Code. Jurisdiction to hear the petition is conferred upon the Court by Title 11 U.S.C. § 67, sub. c. No question of fact is presented in this review. The relevant and material facts found by the Referee were that John Robert Eade was adjudicated a bankrupt on September 16, 1963, and at the date of his adjudication he owned, in joint tenancy with his wife, Mildred Eade, the real property located in Los Angeles County, California, described as:

Lot 22 of Tract 19378, as per Map Book 619, pages 15 and 16.

On or about August 16, 1963, the said bankrupt had caused a Declaration of Homestead covering the above described real property to be recorded in Book M–1327, page 963, of Official Records of Los Angeles County, California. In said Declaration of Homestead the Bankrupt stated that the actual cash value of said property was $12,500.00. The figure of $12,500.00 used in said Declaration of Homestead was intended by the declarant to represent the value of the equity or interest therein of the bankrupt and his wife. The sum of $12,500.00 represents a bona fide attempt on the part of the bankrupt to estimate the equity of himself and his wife in said real property.

Although it does not appear relevant to the issue, the Referee noted in effect that at the time the bankrupt filed his schedules, he estimated his equity as then being $4,572.57.

The Referee concluded as a matter of law that to meet the requirement of Section 1263(4) of the California Civil Code that the declarant estimate the "actual cash value of the premises", he must either state his estimate of the fair market value or state that he estimates his equity in the property to be a certain sum. The Referee noted that there is no statement in the Declaration of Homestead that the figure of $12,500.00 represents or is intended to represent the declarant's equity in the premises.

The issue on review is whether the Referee's conclusion was correct as a matter of law. Where the review of the Referee's order is to test a conclusion of law based upon admitted or established facts, this Court is free to take a different view.

Article 17, Section 1 of the California Constitution directs the legislature to protect by law, from forced sale a certain portion of the homestead and other property of all heads of families. Statutes enacted for the purpose of carrying out a constitutional command are or should be liberally construed. The Courts have so construed the Homestead Act by developing the rule that substantial compliance with the provisions of Section 1263 of the California Civil Code is all that is required. Southwick v. Davis, 78 Cal. 504, 21 P. 121 (1889); Samuels v. Delucchi, 286 F.2d 504, 506 (9th Cir., 1961).

The declarant in this case filled out a printed form entitled, "Declaration of Homestead." Item four of that form reads as follows:

"(4) I estimate the actual cash value of the land and premises hereinabove described to be _____ ($_____) Dollars."

In the blank spaces the declarant typed "Twelve Thousand Five Hundred and no/100 ($12,500.00)". The Referee

found this to be a bona fide effort on the part of the declarant to state his equity in the property.

■ The printed form does not specify, nor does the Homestead Act define, what is meant by "actual cash value". It seems apparent that the Referee equates the phrase, "actual cash value" with fair market value of the property. The declarant is most likely to think of the premises as having an actual cash value to him equal to his equity in the property. A purchaser on the other hand may be likely to think of the actual cash value in terms of the fair market value of the property. It is more important to creditors to know the value of the declarant's interest in the property than the market value of the premises if the two figures are different, for it is only the homesteader's interest that his creditors can normally proceed against. Samuels v. Delucchi, supra, 286 F.2d at 507.

The homestead statutes do not define what is meant by actual cash value. In Samuels v. Delucchi, supra, 286 F.2d at 505, the suggestion is made that Section 1260 of the California Civil Code indicates that the "actual cash value" required in Section 1263, Subdivision 4, is the value over and above encumbrances. Section 1260 which establishes the amount of homestead exemption as originally enacted, reads as follows:

"Homesteads my be selected and claimed:

"1. Of not exceeding five thousand dollars in value by any head of a family;

"2. Of not exceeding one thousand dollars in value by any other person."

In 1945 this section was amended to read:

"Homesteads may be selected and claimed:

"1. By any head of a family, of not exceeding six thousand dollars ($6,000) in actual cash value, over and above all liens and encumbrances on the property at the time of the levy of execution thereon.

"2. By any other person, of not exceeding two thousand dollars ($2,000) in actual cash value, over and above all liens and encumbrances."

A 1953 amendment increased the value in Subdivision (1) to $12,500, and increased the value in Subdivision (2) to $5,000 with no other changes. Thus Section 1260 of the Homestead Law uses the term, "actual cash value" in relation to the declarant's equity in the property. It can at least be said that the equity of the declarant in the premises is important in applying the homestead statutes.

The term "actual cash value" as used in this statute is not a word of art with an established meaning. Its meaning has been the subject of extended debate among lawyers and in the courts as is indicated by the cases cited. It has been held that a statement of market value is actual cash value within the meaning of the statute and that a statement of the amount of the declarant's "equity" or "interest" is actual cash value within the meaning of the statute. Samuels v. Delucchi, supra; Curzon v. Dulgarian, 287 F.2d 30 (9th Cir., 1961). It should be observed that a statement of market value is no indication to a creditor as to what equity the declarant owns in the property. And, conversely, a statement of the declarant's equity is no indication of market value. It has also been established that the estimate of actual cash value need not be accurate. Southwick v. Davis, supra.

It follows that in any event a person who is or is about to become a creditor of a homestead declarant must go beyond the declaration of homestead to avail himself of the facts which are relevant to his extension of credit. The declaration of homestead puts creditors and prospective creditors on notice of the fact that the declaration of homestead has been made and little else. They draw from this fact what inferences they will.

■ A declaration of homestead may be made after the incurrence of heavy

unsecured indebtedness in the face of a threat of imminent attachment or execution of judgment with the same effect as if it had been made before any indebtedness had been incurred. In short, the facts contained in a declaration of homestead distinguished from the fact that it has been declared is knowledge of little value to an existing creditor because he has no way to go behind the declaration once it has been made. By the same token such knowledge is of little value to the prospective creditor beyond the fact that the declaration has been made. The primary purpose of the Homestead Law is not to protect creditors, but to protect the home against creditors of the declarant and thereby preserve a home for the family. In re Miller, 27 F.Supp. 999, 1000 (S.D.Cal., 1939); In re Sterling, 20 F.Supp. 924, 925 (S.D.Cal., 1937); Thorsby v. Babcock, 36 Cal.2d 202, 222 P.2d 863 (1950).

Where the declarant has an equity in the premises and has made an honest estimate thereof in an effort to comply with the statute, he should be accorded a liberal interpretation and the protection of the Homestead Law. This result is in harmony with this law's primary purpose. A moment's reflection on the negligible utility to creditors of a statement of market value as the "actual cash value" is enough to recognize that a contrary result would rest upon an arbitrary, if not artificial construction rather than a liberal construction of this law. It would hold a declarant to a standard not supplied by the words of the statute and it would defeat the generous purpose of the Legislature by technicality.

The homestead declarant did sufficiently comply with the requirements of Section 1263 of the California Civil Code. The homestead is valid in all respects and he is entitled to its protection. The Referee's order is reversed and the cause remanded to the Bankruptcy Court for further proceedings consistent with the opinion expressed herein.

It is so ordered this 31st day of March, 1964.