**In the Matter of Ruey W. BLACKBURN, Bankrupt.**

**No. BK. S–3151.**

United States District Court
E. D. California.

July 10, 1968.

Philip M. Arnot, Eureka, Cal., for trustee and petitioner.

Weiss & Huckins and Donald E. Huckins, Yuba City, Cal., for bankrupt and respondent.

MEMORANDUM AND ORDER

HALBERT, District Judge.

Before me is a petition brought by William B. Grover, Trustee of the above estate in bankruptcy, pursuant to § 39(c) of the Bankruptcy Act (Title 11 U.S.C. § 67(c)) to review the order of the Referee in Bankruptcy. At a hearing on October 27, 1967, on the bankrupt's objection to the Trustee's report on exempt property, Referee Brown held that the homestead declaration filed and recorded by the bankrupt was valid as against the Trustee in Bankruptcy.

The facts in this case are not in dispute. In 1954, while stationed at Travis Air Force Base, Blackburn purchased a home in Fairfield in which he and his family lived until he was transferred to Beale Air Force Base in 1959. Both at Beale and at Minot Air Force Base in North Dakota, to which he was subsequently transferred, Blackburn and his family lived in military housing. Thereafter the Blackburns separated and Mrs. Blackburn obtained a divorce in Wyoming where she had established residence. The California home was awarded to Mr. Blackburn in the divorce action.[1] Short-

---

1. On Schedule B–1 of Blackburn's Petition in Bankruptcy, he lists the estimated value of his interest in the Fairfield property as $4,500. It is therefore within the limits set by California Civil Code, § 1260(2) which provides that the value of a homestead claimed by any person who is not the head of a family may not exceed $7,500 in actual cash value, over and above all liens and encumbrances.

ly before filing a petition in bankruptcy, Blackburn filed a homestead declaration on the Fairfield property.[2] At the time the declaration was filed, Blackburn was stationed at Minot Air Force Base, North Dakota, and the property was rented to tenants. Neither at that time, nor at any other time since his transfer from Travis to Beale in 1959, did either Blackburn or his family physically occupy the property.

Section 1263(2) of the California Civil Code requires that a declaration of homestead contain a statement that the person making it is residing on the premises, and claims them as a homestead.[3] The Trustee contends that the homestead declaration filed by Blackburn failed to meet the statutory requirement with respect to residence and, therefore, refused to include the Fairfield property in the report of exempt property. The Trustee argues that, under the homestead laws, "residence" must be strictly construed and requires that the declarant physically occupy the premises at the time the declaration is filed.

█ Thus, the sole question before Referee Brown was whether a person in the military service who purchases a home while stationed at a base in California and resides therein with his family until transferred to another base may, under California law, file and record a valid declaration of homestead at a time when he is stationed in another state. At the hearing Blackburn testified that he left the Fairfield property only because of military transfer orders, that he considered it his home from the time of purchase until the present, and that it

has always been his intention to return to California and live in that home upon the termination of his military career. Inasmuch as no contrary evidence was presented, the Referee accepted Blackburn's sworn testimony as factually true and sufficient to establish his "residence" on the premises within the meaning of California Civil Code, § 1263(2). The Referee concluded that the controlling law on the subject is to be found in § 12, Article 20 of the Constitution of the State of California which reads: "Absence from this State, on business of the State or of the United States, shall not affect the question of residence of any person."

█ It is my opinion that Referee Brown correctly interpreted the law in this case. No case has been cited, and none has been found, in which a declaration of homestead has been held invalid where the declarant's failure to be physically inhabiting the premises is occasioned solely by reason of military service at another location. So to construe the residence requirement of California Civil Code, § 1263(2) would deprive any person in military service of the benefit of the homestead law unless, fortuitously, he happened to be stationed in the vicinity of the property at the time of declaration. The purpose of the homestead law in California is to protect the home against the creditors of the declarant (See: In re Sterling, D.C., 20 F.Supp. 924, 926). It does not comport with that purpose to hold that a person who is serving his country in the military is not to be afforded the same protection as any other homeowner. This is not a case of sham or pretended residence where

2. It should be noted that California Civil Code, § 1263(4) requires that the declaration of homestead contain an estimate of the actual cash value *of the premises.* Blackburn's declaration sets this figure at $4,500. That figure would appear to be only the equity interest listed on Schedule B-1 of Blackburn's Petition in Bankruptcy. However, it is the rule in this Circuit that such a statement substantially complies with the require-

ments of § 1263(4) (See: Curzon v. Dulgarian, 9 Cir., 287 F.2d 30; and Samuels v. Delucchi, 9 Cir., 286 F.2d 504).

3. Section 1266 of the California Civil Code permits a person, other than the head of a family, to execute a declaration of homestead and, under § 1267 of the California Civil Code, such declaration must contain everything required by the second, third, and fourth subdivisions of § 1263 of the California Civil Code.

holding the declaration valid would subvert the purpose of the homestead law. The result is quite to the contrary.

The order appealed from is affirmed.

It is so ordered.